The cause stood continued nisi for advisement, and now at this term the opinion of the Court was delivered by
Parsons, C. J.
It appears from the case that the father of the respondents died seised of the premises, and of other lands, intestate, leaving the respondents, their brother Joseph, under whom the plaintiff claims, and five others, his children and heirs; that the premises were assigned to the widow as her dower ; Jo-[*119 ] seph being seised of one ninth * part of the reversion ; that the dowager died on the 16th of April, 1803; that, on the 18th of October following, the petitioner attached Joseph’s interest in the premises in a suit, in which he recovered judgment at the March term of the Common Pleas in Middlesex, in 1804, and his execution upon that judgment was levied on Joseph’s ninth part of the premises on the 20th of April then next. This is the petitioner’s title.
The title of the respondents is under a settlement, made by the judge of probate, of all the premises on them, the two oldest sons of their intestate father, on paying to the other children, or their legal representatives or guardians, their proportion in money of the value of the premises, as ascertained by an appraisement. The decree making this settlement passed April 10th, 1804, but no cause or reason is assigned by the judge for making the settlement.
The question submitted to the Court is, whether the settlement by the judge shall defeat the petitioner’s attachment and levy
*111 There are three provincial statutes on this subject — the 4 Will. and Mar. c. 2, the 6 Geo. c. 3, and the 23 Geo. 2, c. 6. The first of these statutes, commonly called the statute of distributions, enacts that the real estate of every intestate, saving the widow’s dower, shall descend to his children, or next of kin, as his heirs; and the judge of probate is directed to make a division of the estate among them, according to the return of five freeholders, or the major part of them, under oath, by him appointed. There is then a proviso, that, when the lands cannot be divided among all the children without prejudice to, or spoiling the whole, the judge may settle the whole on the eldest son, he paying to the other children their proportion in money of the estate at an appraised value. After-wards is a clause directing the widow’s dower, at the expiration of her term, to be alike divided as aforesaid. And it is made a question by the parties to this process, whether this clause gives the judge power to settle the dower, after it has fallen, on the eld est son.
The second statute authorizes the judge, if the estate cannot be divided among all the children, but will accommodate * more than one, to settle the estate on as many children [ * 120 ] as it will accommodate.
The last statute extends the power of settlement by the judge on one or more of the next of kin, when there are no children.
These statutes are revised by the statute of 1783, c. 36, in which all the provisions are in substance reenacted ; except that the statute is silent as to any settlement or division of the dower, when the widow’s term shall expire. And in all these statutes the shares in money are to be paid or secured to the other children, or to those to whom a share of the land descended.
The power of the judge to turn the share of the land descended to any heir into money at an appraised value, and to compel him to take security for the payment, ought not to be extended by construction beyond the manifest intent of the statute. The design of the act was to prevent an injury to all the heirs by a minute division of the lands, by which they would be worth little to any heir. This power is, therefore, vested in the judge, to be exercised presently after the decease of the intestate, when the situation of the heirs will not be materially altered from the state in which the intestate left them, and when they would not be delayed in the use of then property, whether real or personal, longer than is deemed necessary to ascertain the claims of the creditors to the estate. On this prin ciple, the money is ordered to be paid to the children or next ot kin, and consequently to their executors or administrators, but no* to any assignee in fact.
*112 But the widow’s term in her dower may not expire until after many years, when the state of the intestate’s family may be wholly changed by death, or their interests in his estate, including the reversion of the dower, alienated for a valuable consideration. It is not, therefore, within the intent of the statute that the dower, when it falls, should be settled on the eldest son, on his paying the other children the value of their shares in money. Indeed, it is not uncommon for all the children to have alienated their estate in the dower during the widow’s life; and it may be added that the clause in the statute of distributions, from which the [ * 121 ] power is supposed to be derived, * directs the dower, at the expiration of the widow’s term, to be divided as aforesaid, which must mean a division among all the children, before directed, and not a settlement on the eldest son, by which any division is excluded.
I am, therefore, satisfied that the judge has no authority to settle the dower, after the expiration of the widow’s term, upon one or more of the sons or next of kin, to the exclusion of the others, and of those who may have purchased their estate therein.
There are some objections made to the form of the decree. It is not pretended that the judge could have made this settlement on the two respondents, if the estate could have been divided among all the children, without prejudice to or spoiling the whole, and this power is given to the judge only on this condition ; and certainly it ought to have appeared on the face of the decree that the judge Was exercising his power in a case to which it extended. But it is not stated, in the case, that the lands would have accommodated more than two of the children ; and it is not necessary now to determine whether the decree is void for this defect, or whether the remedy is by appeal.
I cannot but observe, in this place, that, in practice, the power of the judge has been frequently improperly exercised by a misconstruction of the words “ without prejudice to, or spoiling the whole.” These words import a case when the shares divided, from the nature of the estate, would be worth but little, as in the case of a dwelling-house, or some small parcel of land, the respective shares of which, holden in severalty, would be of much less value than when holden together. But the construction has in some cases been extended, with the design of making convenient farms for one or more of the children, uniting different and distinct parcels of land for this purpose, when a division among all the heirs would not have lessened in any degree the profits which were received from the whole together.
Another objection is, that the lands are settled on two children *113 ointly. This manner of settlement is new to me. If the lands, must be holden jointly, they may as well be holden jointly by all the children, as by two. It certainly has *the [ * 122 ] appearance of contrivance to divest Joseph of his share, without settling the lands on any one of the sons, or without deciding that they are incapable of any division. The practice, as far as I have known it, has been to direct the commissioners to di vide the lands into as many shares as can be done without prejudice to or spoiling the whole. The return contains this division by metes and bounds, or by some certain description, with the appraisement of each part. If there are as many shares as children, or next of kin, each one has a share, accounting, for its appraised value. If there are not so many shares, the judge assigns as many shares as are returned, to as many of the next of kin, as will accept of them, proceeding according to the priority prescribed by the statute.
It is not, however, necessary to decide whether the decree is void for this irregularity, or must be corrected on appeal. For we are all of opinion that the judge has no authority to settle lands assigned for dower, after the widow’s term has expired, on any one or more of the next of kin, to the exclusion of the others; that for this reason the decree is void, as the defect of power appears on the face of it, and cannot be cured by the allegation or proof of any facts whatever, and that the interlocutory judgment must be entered for the- petitioner, that partition be made, (a)

 [See Revised Statutes, c. 103.— Ed.]