Parker, C. J.
The decree of the judge "of probate, assigning the whole of the real estate of Jonathan Newhall, to Thomas F. Newhall, the eldest son, upon condition of his paying to the respective heirs their proportion of the appraised value, was not conformable to the statute authorizing such assignment. That statute empowers the judge of probate, in the case therein provided, to order the whole estate to the eldest son, &c., he paying the other children of the deceased their equal and proportionable shares of the true value thereof, upon an appraisement to be made as therein is provided *109 or giving good security to pay the same in such convenient time as the said judge shall limit and appoint, with interest, &c. Unless these terms are complied with by the judge, he has no authority in the case.
In the case before us, there was neither payment nor security, when the decree was passed; and therefore, if not absolutely void, it was voidable by the heir; unless some act has been done, tending to ratify and confirm the title, thus attempted to be created by the decree. It seems to have been considered by the judge, that, as his decree was conditional, the heirs had a security, by way of mortgage, upon their inheritance. But it is obvious that * this was not the intent of the legislature, in requiring [ * 129 ] good security to be given ; for this security would be good only for the value of the land at the time of the appraisement; and if that should fall in value, the security would be inadequate. And further, it would be in the power of the assignee to diminish the value of the land, and then throw it upon the heir for the debt. there being no personal security for the payment of the money.
If the money, in such a case, should be paid within the time limited, the difficulty might possibly be cured. But, in the case before us, there was no payment whatever to the heir; and at the time of her coming of age, the condition of the assignment had not been complied with. We cannot consider the acts of the person, who had been her guardian, binding upon her after she came of age ; so that there is no ratification on her part, and no waiver of her right to avoid the assignment. The verdict must, therefore, be set aside, and the tenant be called.

Tenant defaulted,