## Case No. 6,152.

### HART v. GRAY.

[3 Sumn. 339.] [1]

Circuit Court D. Rhode Island. June Term, 1838.

GUARDIAN—APPOINTMENT OF — NOTICE IN RHODE ISLAND.

1. The act of Rhode Island (Digest 1822, p. 246, § 3) provides, "That no guardian shall be appointed or removed under this act, unless all persons interested shall have had reasonable notice in writing, signed by the clerk" (of the probate court), "and served by the town sergeant or constable, that he, she, or they may appear, to object to the same." Held, that a notice, by reading the order of the court, is not a notice in writing in the sense of the statute, and that the appointment of a guardian, with such notice only, was a nullity.
    [Cited in Mathewson v. Sprague, Case No. 9,278.]
    [Cited in Hamilton v. Colwell, 10 R. I. 40.]

2. Courts of limited jurisdiction can only exercise their powers in the cases and in the mode prescribed by the legislature.
    [Cited in Mathewson v. Sprague, Case No. 9,-278.]
    [Cited in U. S. v. Hall (N. M.) 21 Pac. 86.]

Assumpsit upon the money counts. Plea, the general issue. At the trial, it appeared, that the defendant [Asa Gray] had been appointed, by the town council of Tiverton, guardian of the plaintiff [Hannah Hart], who was at the time a pauper of the town of Tiverton; and the defendant had, as such guardian, received the sum of $480, on account of the plaintiff, as a pensioner of the United States. The plaintiff had since removed into Massachusetts; and now claimed the said sum of $480 from the defendant, upon the ground that she had never been lawfully put under guardianship. The ground upon which she was put under guardianship was her incompetency from the imbecility

[1] [Reported by Charles Sumner, Esq.]

resulting from her extreme old age. The proceedings of the town council (as a court of probate) were read in evidence, to establish the guardianship. It appeared from these proceedings, that a petition was filed for the guardianship in the town council on the 15th of September, 1836. An order was passed by the court on the same day of notice to appear and answer the petition on the 22d of the same month, at two o'clock, p. m. The order of notice was served by the proper officer, by reading it to the plaintiff, and no written notice was left with or delivered to her. On the 22d of the same month, no person appeared to contest the guardianship, though a letter was addressed to the town council, by a person acting as the friend of the plaintiff, requesting delay; which, however, was not attended to; and the guardianship was accordingly, on the same day, committed to the defendant.

Mr. Pratt, for plaintiff, contended that the notice ought to have been in writing, instead of service by reading the order to the plaintiff; and that, for the want of this, the guardianship was utterly void; and he cited the Digest of the Laws of Rhode Island of 1822, p. 246, § 3.

Turner & Pearce, for defendant, contended e contra; and that if there was any error, the proper remedy was by an appeal of the supreme court of the state as an appellate court of probate.

STORY, Circuit Justice. The act of Rhode Island (Digest 1822, p. 246, § 3) provides, "That no guardian shall be appointed or removed under this act, unless all persons interested shall have had reasonable notice in writing, signed by the clerk" (of the probate court), "and served by the town sergeant or constable, that he, she, or they may appear, to object to the same." This appointment is a special authority conferred on the court of probate (the town council), a court of limited jurisdiction; and, therefore, its jurisdiction can be rightfully exercised only in the cases and in the mode prescribed by the legislature. If the mode prescribed for the exercise of the authority is not complied with, the appointment is utterly void. Admitting, that there might be an appeal to the superior tribunal in such a case; still, if the proceeding is a nullity in law, the exception to the jurisdiction and that nullity may be insisted on in an action like the present. The question is, therefore, reduced to the mere consideration, whether the notice, given in the present case, was within the statute. The argument is, that a notice by reading of the order of the court by the officer is a notice in writing in the sense of the statute. I think otherwise. I understand, that the notice must be a notice in writing; that the officer must leave with the party a written notice, an original from the clerk, or at least a certified copy in writing thereof. In no

just sense can a notice by reading be deemed a notice by writing; and yet this is the extent of the argument. The legislature was' wise in making such a provision; for the written notice might be important in assisting the party to make the proper defence or resistance to the petition. No instance, I believe, can be produced, where a notice, required to be served and given in writing, has been held valid, unless the service has been by the delivery of the paper itself or a copy in writing. It seems to me, therefore, that the guardian was not lawfully appointed; and that the decree of appointment is a mere nullity, and the plaintiff is entitled to recover. I wish to throw out another suggestion for consideration. The ground of the petition is a supposed mental incapacity of the plaintiff. Now, under such circumstances, it seems to me, that the court were bound to proceed with very great caution; and it would have been fit to have appointed some person, as a guardian ad litem, to represent the interests of the party, and to make a defence before the decree appointing a general guardian was passed. What defence could a non compos make, without the assistance of some friend under such circumstances? However, it is sufficient to say, that, for the reasons which I have stated, in which the district judge concurs, the appointment of the guardian was a mere nullity, and, therefore, the plaintiff is entitled to recover. Verdict for the plaintiff, $480, and interest.