## SMITH *vs.* ROWLAND.

1 A party to a bill, once discharged for the want of notice, or other laches on the part of the holder, is always discharged, and cannot again be made liable, unless by his own voluntary act.

2. Where the drawer of a bill, who has placed funds in the hands of the drawee to meet it, has been discharged for the want of due presentment and notice of its dishonor, the subsequent application of such funds by the drawee to the use of the drawer, without his knowledge or consent, will not render him liable to the holder as for money had and received.

ERROR to the Circuit Court of Marengo. Tried before the Hon. Geo. D. Shortridge.

THIS was an action by the defendant against the plaintiff in error as the drawer of a bill of exchange for $300 on Desha, Smith & Co., of Mobile, dated March 26th, 1846, and payable on the 26th May following. The declaration contained a count on the bill and the common counts. It appeared by the testimony of one of the drawees that said bill was not presented to Desha, Smith & Co., for acceptance, nor for payment, until after its maturity; that at the time the bill became due, the books of Desha, Smith & Co. showed an actual balance to the debit of the drawer, but that about that time he deposited with them $400

44

for the purpose of paying said bill of exchange and another draft drawn on them by him; that under the business arrangements with him, he was permitted to draw on Desha, Smith & Co. with or without funds in hand, and they always accepted or paid his drafts when presented at the proper time, as they kept a running account with him; and that the draft sued on was not paid for the reason that it was not presented until after its maturity and the $400 had been passed to the credit of his general account with Desha, Smith & Co. Upon this evidence the court instructed the jury that if they believed that the defendant placed said sum of money with Desha, Smith & Co. to pay said bill and aftewards withdrew said money from them, the plaintiff was entitled to recover for money had and received to the amount of said draft and interest.

The defendant prayed the court to charge the jury that if there was no other evidence that defendant withdrew said money than the fact that it was passed to his credit in his general account with Desha, Smith & Co., then the plaintiff was not entitled to recover on the common counts, without proof that he was cognizant of and assented to such disposition of the money. Also, that under the facts above stated the plaintiff was not entitled to recover. These charges were severally refused. To the charge given and to the refusal to charge as requested the defendant excepted and now assigns them as error.

BROOKS & BYRD, for the plaintiff in error.

JOHN, for the defendant.

PARSONS, J.—The bill was not presented for payment until the time for such presentment had elapsed. The drawer was therefore, according to the general rule, discharged. And in general, a party who is once discharged, for want of notice, or other laches, on the part of the holder, is always discharged, and cannot be made again liable, unless by his *own voluntary act*.—Story on Bills of Exchange, § 320. The drawer, in this case, placed funds in the hands of the drawees to meet his bill. But the bill was not duly presented, and for that reason, the drawees applied the funds to the general accounts between them and the drawer, and when the bill was afterwards presented, unduly as to time, refused payment. This application of the funds

was without the knowledge or consent of the drawer. If he had ever sanctioned it, possibly the plaintiff below might have recovered on some of his counts; as to that, however, we give no opinion. But in the case at bar, he cannot recover, because the drawer was once discharged, and did no act afterwards, either voluntary or otherwise, to bind himself.

2. The plaintiff below proved, that at the time the bill became due, it appeared from the books of the drawees, that there was an actual balance to the debit of the drawer, but that about that period, he deposited with them $400 for the purpose of paying this bill and another; that under their business arrangement with the drawer, he was permitted to draw on them, with or without funds on hand, and they always paid or accepted his drafts when presented at the proper time, as they had a running account with him, and that this draft was not paid for the reason that it was not presented until after its maturity, and the $400 was passed to the credit of the drawer's general account. This was all the material evidence in the case, so far as there is any question. It is stated to be the law, that the holder is excused, as against the drawer, for not making due presentment for payment, or any presentment for payment, if the latter had no funds in the hands of the drawee, or expectation of funds, and there was no promise, or obligation of the drawee, authorising the drawing of the bill; and that the same rule will apply, if the drawer, having funds in the hands of the drawee, or of the acceptor, at the time of drawing the bill, has withdrawn the same before the dishonor; unless, under the circumstances, it might properly be presumed that the bill would be paid by the acceptor, and that the drawer would stand indebted to him for the same amount.—Story on Bills, § 367, and the notes. Consistently with this doctrine, or with the authorities cited by the counsel of the plaintiff in error, we cannot hold that the defendant in error was excused from the necessity of making due presentment and of giving notice; and as the merits are against him, he cannot shape the declaration so as to recover, unless he can show other facts at another trial. It was contended that the drawer can suffer no loss or injury by the laches of the holder in this case. But it is impossible to conceive that a drawer is not legally injured by a recovery against him, without demand or notice, when he had a right to draw and actually placed funds

in the hands of the drawee to pay the bill, which were not otherwise applied by his act or authority, and which would have been paid to the holder, if the bill had been duly presented. If that be so, the holder may neglect the condition precedent of demand and notice, and recover of the drawer without any excuse for the negligence.

The judgment is reversed and the cause remanded.