MATHEWSON (CLARKE v.).  See Case No. 2,857.

## Case No. 9,278.

MATHEWSON v. SPRAGUE et al.

[1 Curt. 457.] 1

Circuit Court, D. Rhode Island. Nov. Term. 1853.

GUARDIAN AND WARD—AD LITEM—OPPOSING INTERESTS—PROBATE COURT—JURISDICTION—NOTICE—WILLS OF LAND.

1. A statute guardian cannot represent his ward in court, in a matter where his interest is opposed to that of the ward, except by force of some statute authority, or by an appointment by the court; and no court would appoint such a guardian ad litem.

2. The court of probate has only a special and limited jurisdiction. and must act in the manner prescribed by statute; otherwise its acts are void. If it make a decree without notice. when the statute requires notice. a party entitled to notice may treat its decree as void.

[Cited in U. S. v. Hall (N. M.) 21 Pac. 86.]

3. The 10th section of act of Rhode Island of 1822, so far as it respects the service of notice to wards on their guardians, is repealed.

4. In Rhode Island the probate court has exclusive jurisdiction of the probates of wills of lands.

[Cited in Moore v. Greene, Case No. 9,763.]
[Cited in Olney v. Angell, 5 R. I. 202.]

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

This was an action of ejectment to recover an undivided part of four lots of land, situate in Cranston and Johnston. The plaintiff [George Mathewson] proved that William Sprague died seised of the lands, on the 27th of March, 1834, and it was admitted that he left three children, William, Amasa, and Almira, and that the plaintiff was one of four children of his daughter Susanna, who died in the lifetime of her father. The plaintiff, together with one sister and two brothers, were all minors, at the decease of their grandfather, and Amasa Sprague was their statute guardian. The defendants claimed under the will of William Sprague, and offered to put it in evidence. The plaintiff objected, because it had not been duly proved and allowed by the court of probate. On examining the will and its probate, it appeared, that William and Amasa Sprague, the testator's two sons, were executors and residuary devisees and legatees, and that far the larger part of the testator's property, including his lands, was devised and bequeathed to them. And on the production of the decree of the probate court, it also appeared that the will was presented by the executors for probate three days after the testator's death, and that the court dispensed with notice, by reason of the written consent of all parties known to the court to be interested, and residing within the state, that consent being given for the plaintiff and his sister and brothers by Amasa Sprague, their guardian.

Carpenter & Ames, for plaintiff.
Greene & Robinson, for defendants.

CURTIS, Circuit Justice. The questions are, whether the probate of this will is defective, and if so, whether that defect renders the decree void, or only voidable by some appropriate proceeding to be had in that matter, by appeal or otherwise, as provided by law. To enable a statute guardian to bind his ward by a proceeding in a court of justice, some statute authority must be found for his act. The statutes of the several states on this general subject are not uniform, but I am not aware that any where the statute guardian is made, generally, competent to represent his ward in legal proceedings. The general rule certainly is, that a guardian ad litem is to be appointed for that purpose. 1 Johns. 509; 10 Johns. 486; 8 Cow. 365; 3 Chit. Gen. Prac. 288. And this rule extends to probate courts. Hart v. Gray [Case No. 6,152]. It is very clear that no court would appoint the statute guardian, guardian ad litem, if his interest were directly opposed to that of the ward. Parker v. Lincoln, 12 Mass. 16; Noyes v. Barker, 4 N. H. 406.

The defendants' counsel do not assert that Amasa Sprague, who was one of the residuary legatees and devisees under the will. and, therefore, strongly interested to procure

its probate, could, as statute guardian, represent and bind his wards, in that proceeding, unless some authority to do so can be found in the statute law of Rhode Island; but they urge that such authority is found in an act passed in 1822, and found in the Digest of 1822, p. 214. The 10th section of this act was as follows: "That previous to the rendering of any order or decree in any matter before them, the said court of probate shall give to all known parties interested, living within the state, at least three days' notice, that they may be heard thereon; which notice shall be served by the town-sergeant, or constable, or the sheriff or his deputy, by reading the same to the party, if found, or otherwise by leaving an attested copy at the last and usual place of abode of such party; and when infants or wards are interested, notice aforesaid shall be served on their respective guardians; or such court may give notice, as aforesaid, to all parties, by advertisement printed three successive weeks in some newspaper printed within this state." And the section then proceeds to declare the effects of an appeal upon the different kinds of decrees made by probate courts.

The first section of the act of January 20, 1824 (Pub. Laws R. I. 578), repeals so much of the tenth section of the said act as provides for the manner of giving notice. The second section requires, that previous to the rendering of any order or decree in any matter before them, the court of probate shall cause all parties known to them to be interested, living within the state, to have notice. It then prescribes different modes of giving notice, and then provides that if all such parties shall have given their consent in writing, the court may proceed without notice. It is argued that the clause in this tenth section, respecting the service of notice on guardians, is not repealed; and that if, by law, notice was to be served on the guardian, it was competent for him to consent to proceed without notice. I do not know that this necessarily follows, especially in a case like the present. It can hardly be supposed the law intended that a guardian, interested against his ward, would represent him in court; it must have expected that the effect of a notice to his ward, served on him, would be, that he would take care that his ward was properly represented in court by another; and not that he would consent to have the court proceed instanter, without actual notice to the ward, and without such fit representation being provided for by the ward, or his friends, or the court. And it does not seem to me that an authority to take a legal notice, of a length prescribed by law, for the ward, necessarily, and in all cases implies an authority to shorten the time and agree to a proceeding instanter. But it is not necessary to rest upon this; for I think this clause in the tenth section is repealed. The repeal is, of so much of the tenth section, as provides for the manner of giving

notice. This is not a repeal of the whole section; but besides the first part of the section which relates to notices, there is another part which relates to the effect of an appeal. This satisfies the restrictive words, "so much," &c.; and though it is only what relates to the manner of giving notice which is repealed, yet the clause in question, which provides a manner of giving notice to wards by serving on their guardians, is clearly within the description of the part repealed. My opinion is, that this guardian was not empowered by any statute to consent in writing for his ward, and consequently, that the proceeding was irregular. And I think it very clear, that this irregularity was of such a nature to render the decree utterly void, as against this plaintiff.

A court of probate has only a special and limited jurisdiction. And being expressly required by statute, before making any decree, to cause those interested to have notice, if it proceeds to make a decree without complying with this requisition of law, any party entitled to notice, may treat such a decree as void; and this upon several grounds. 1. Because the court has not jurisdiction to determine the rights of such parties. This was held by the supreme court, in Harris v. Hardiman, 14 How. [55 U. S.] 344, in respect to a court of common law, which had rendered a judgment by default, without notice. And in numerous cases the same law has been applied to courts of probate. 11 Mass. 507; 5 Pick. 343; 18 Pick. 115; 3 Cush. 352; Hart v. Gray [supra]. 2. This court being of a special and limited jurisdiction can do no binding act which is prohibited by statute, and it is prohibited to make a decree without notice. 2 Mass. 120; 7 Mass. 70; 4 Mass. 117; 11 Mass. 513, 514, and the cases there cited. 3. The plaintiff could not appeal, for he had no notice of the decree; and no writ of error will lie; whenever a person interested, cannot have remedy according to law, by writ of error or appeal, he may avoid the judgment or decree by plea and proof; that is, whenever it is set up to affect his rights, he may aver its nullity. 11 Mass. 513, and cases there cited; 17 Mass. 91; 2 Metc. [Mass.] 138.

It has been argued, that though this may be so in cases affecting the person, these principles are not applicable to a decree of probate of a will. That this was a proceeding in rem; and when the will was filed the court obtained jurisdiction, and its decision that the guardian could consent for the ward, though it may have been erroneous, was an error occurring in the exercise of its jurisdiction. It is true, the proceeding is, in some sense, in rem; but so was the proceeding in 11 Mass. 507, where this subject was very carefully considered, and in 4 Mass. 117, and 7 Mass. 70, and 17 Mass. 91. These were decrees of partitions, which were strictly in rem. And there is no sound reason for any distinction between decrees in rem and in

personam. In The Mary, 9 Cranch [13 U. S.] 126, 142, 144, the supreme court, speaking of proceedings in rem, say: "Notice of the controversy is necessary in order to become a party; and it is a principle of natural justice, of universal obligation, that before the rights of an individual be bound by a judicial sentence, he shall have notice, express, or implied, of the proceedings against him. Where these proceedings are against the person, notice is served personally, or by publication; where they are in rem notice is served on the thing itself." In Bradstreet v. Neptune Ins. Co. [Case No. 1,793], Mr. Justice Story held such a proceeding void, for want of notice of specific allegations; and he uses this language: "I hold, therefore, that if it does not appear upon the face of the record of the proceedings in rem, that some specific offense is charged, for which the forfeiture in rem is sought, and that due notice of the proceedings has been given, &c., it is not a judicial sentence, &c." Yet, in that case, the vessel proceeded against was within the jurisdiction of the court. The case in 4 N. H. 406, is also directly in point. Nor can it be maintained that this error occurred in the exercise of jurisdiction. It is true, the probate court, on the receipt of the will, has jurisdiction for the purpose of placing and retaining the will on its files, and issuing the proper notices to the parties in interest, and causing witnesses to be summoned and sworn, and taking all steps preliminary to a hearing; but it has not jurisdiction to make a decree, until all parties, entitled by law to notice, have been duly notified; and if it proceed to make a decree without notice, it acts without authority, and its decree is void. It is of no importance, that it decided that notice was not necessary in the particular case, because the guardian had consented for the ward. If notice was necessary, by law, the court had no power to dispense with it, and whether it thought the dispensing power existed, or what were its reasons for thinking so, are immaterial. The result is, that this will has not been proved.

After this decision had been given, the defendants' counsel offered to prove the will in this action; but THE COURT ruled, that the only tribunal competent to receive the evidence, and pass on the probate of the will, was the court of probate; that the decree of that court, admitting or refusing probate, is conclusive, both as respects lands and personalty, and its jurisdiction over the question of probate is exclusive. The defendants' counsel then moved for a continuance to enable the defendants regularly to offer the will for probate to the proper court, and it was granted; THE COURT being satisfied that the defect in the proceedings was not occasioned by any fraud, but was merely a mistake, which the defendants ought to have opportunity to correct.