EDWIN F. JENKS *vs.* SELINDA HOWLAND & others.

A decree of the probate court, establishing a partition of land, before a sum of money awarded by the commissioners to make the partition just and equal, is paid or secured, is erroneous, and is no bar to a subsequent partition on the petition of the party to whom the money was awarded, unless he has since accepted the money.

PETITION to the probate court, for partition of land in Adams, of which the petitioner owned one undivided twelfth part. In that court, the petitioner, by leave of the judge, filed an amendment of his petition, in which he represented that he had been informed that the court, at a former term, had decreed that partition of the estate should be made, and had appointed commissioners, and had accepted and confirmed their return, as a partition; and that said proceedings were void, and not binding on this petitioner; and he therefore prayed that they might be set aside, so far as he was concerned, and a new partition decreed. The probate court dismissed the petition; and the petitioner appealed to this court, and assigned, among other reasons of appeal, that although the commissioners, in the former proceedings, set off, to those of the tenants in common from whom the petitioner derived his title, a share of less value than their aliquot parts of the land; and awarded that they should be paid by the other parties specified sums of money to make the partition just and equal; yet the probate court ordered the partition to be established, before the sums so awarded were paid, or any security given therefor; and that said sums were still unpaid and unsecured. The decree of the court, accepting and confirming this partition, contained no recital that the money awarded by the commissioners had been paid or secured. At the hearing of this case before *Thomas*, J. it appeared that this money was not paid before the decree accepting the report, but was subsequently offered to the parties and refused. The judge reported the case to the full court.

*H. L. Dawes*, for the appellant.

*S. W. Bowerman*, for the appellees.

THOMAS, J. The share assigned, on the former partition, to

those tenants in common whose title is now in the plaintiff, being of less value than the shares set off to the other owners, the commissioners, under the provisions of Rev. Sts. *c.* 103, § 57, awarded a sum of money to make the partition just and equal. The statutes provide that, in such case, " the partition shall not be established by the court, until all the sums so awarded shall be paid to the parties entitled thereto, or secured to their satisfaction, or that of the court before which the matter is pending." *St.* 1850, *c.* 239. As the sum so awarded was not so paid or secured to those under whom the petitioner claims, he says that the decree establishing the partition, was therefore void as against them. And such is the law. If the question were a new one, we might hesitate in coming to this result ; but we cannot but regard it as clearly settled by the decisions of this court. The cases of *Newhall* v. *Sadler,* 16 Mass. 122, and *Thayer* v. *Thayer,* 7 Pick. 209, are in point. The rule there established is recognized and confirmed in the more recent cases of *White* v. *Clapp,* 8 Met. 365, and *Peters* v. *Peters,* 8 Cush. 529. See also *Wales* v. *Willard,* 2 Mass. 120 ; *Hunt* v. *Hapgood,* 4 Mass. 117 ; *Smith* v. *Rice,* 11 Mass. 507 ; and *Chase* v. *Hathaway,* 14 Mass. 227.

The rule, as established by these cases, briefly stated, is, that, though the probate court has jurisdiction over the general subject, yet, if it clearly exceeds its powers, or does an act prohibited by law, its decree may be avoided, not merely by appeal, but in collateral proceedings. It is not the indiscreet exercise of a power granted; but the doing of an act for which no power is given, or which is expressly prohibited. 11 Mass. 512. 8 Cush. 543. As, in the case before us, the determination of the court, upon the question whether the sum awarded was paid, or satisfactory security for its payment given, would be conclusive, unless reversed upon appeal; but the court has no authority to establish such partition until the sum is so paid or secured. It would be better perhaps to say, that the probate court, in the matter of partition of real estate, has jurisdiction ; but it is a limited jurisdiction ; and that a decree ordering partition, where the money awarded is neither paid nor secured, clearly oversteps its limits.

The suggestion is made, that we are to presume that all things were rightly done, and therefore that the money was paid or secured. This rule is not applicable to courts of limited jurisdiction, especially where the question itself is one as to the authority of the court. The record should show the facts which give the jurisdiction. In this case, it does not appear by the record that the money was paid or secured, and the fact is found to be otherwise.

The decree for partition on the original petition being erroneous, and not affirmed by any subsequent receipt of the money, the petitioner is entitled to a new partition.

*Decree of probate court, dismissing the petition, reversed; and case remitted for further proceedings.*