## LAIRD, Adm'r, *vs.* REESE.

[PETITION TO ANNUL FINAL SETTLEMENT OF GUARDIAN.]

1. *Final settlement of guardianship; when void.*—The final settlement of guardianship accounts, made without the acceptance by the guardian *ad litem* of the minor ward, of his appointment as such, apparent on the record, is void, and may be annulled by the court, on proper application, at a subsequent term.

2. *Guardian ad litem; what will not constitute acceptance of appointment.*— The presence at the trial, of the person appointed guardian *ad litem*, and his not objecting to the proceedings, is not an acceptance of the position, although he has been notified of his appointment.

3. *Security for costs; requirement of, what notice must be given non-resident plaintiff.*—In cases where the probate court may require security for costs, of non-resident plaintiffs, thirty days' notice should be given, as required by § 3338, Revised Code.

APPEAL from the Probate Court of Henry.
Tried before Hon. JOHN B. APPLING.

THIS was a petition by Carrie S. Reese, formerly Lightfoot, to the probate court, to " open and declare null and void" a final settlement of her estate, made by the administrator of her deceased guardian, in said court, on the 14th day of March, 1864. The petition sets out various errors and mistakes in said settlement, and avers that no guardian *ad litem* appeared for her on said settlements, and that she was never legally represented in court at the time of said settlement, and that said settlement is null and void. The petition, which was duly sworn to, prays that L. J. Laird, administrator *de bonis non* of her deceased guardian, be cited to make a final settlement of the accounts of her deceased guardian. Service was duly made, and the hearing of the petition set for the 17th day of January, 1869.

On the trial of the cause, the appellant demurred to the petition : 1. On the ground of misjoinder of parties ; 2. Because " the decree sought to be annulled by the plaintiff is *res adjudicata*;" 3. Because " said proceedings and

the decree thereon rendered, show upon their face that the probate court had jurisdiction of the subject-matter, and of the person of the parties interested, and that the same is not void upon the face of the record and proceeding."

The defendant also craved oyer of the record of said final settlement, (which was set out in full.) That part of the record which relates to the appointment of the guardian *ad litem* is as follows :

" State of Alabama,   )   To any sheriff of said State.
    Henry county.     )   Whereas, John L. Burnett, who was administrator of Edward Cody, deceased, who was guardian of C. S. Lightfoot, a minor, has this day filed his account and vouchers for a final settlement, and J. M. B. Kelly having been appointed guardian *ad litem* of said minor, pending the same, you are hereby commanded to serve a copy of this notice upon such guardian *ad litem*, that he may appear before the probate court of said county on the 14th day of March next, to show cause why said account should not be allowed as presented ; and have you this notice, with your endorsement thereon.

Witness my hand this, 18th day of February, 1864.

E. W. TEAGUE, Judge of Probate."

Endorsed on this notice, was the following : " I accept due and legal notice of the within notice, and waive copy and further notice, February 18th, 1864.

JOHN M. B. KELLY."

The decree of final settlement is as follows ;

" State of Alabama, )   Court of Probate, regular term,
    Henry county.   )   March 14th, 1864.

Upon this, it being the day set to examine and state the account of J. M. L. Burnett, administrator of Edmond Cody, deceased, who was the guardian of C. S. Lightfoot, a minor, filed for a final settlement. It appearing to the court, that notice of said settlement and the day set to hear the same, has been given by posting notices at the court-house, and in three public places in the county, for three successive weeks before this day, and J. M. B. Kelly, who was heretofore appointed guardian *ad litem* of said minor, *pendente lite, being present and no objection having been*

*made* the court proceeded to examine and state said accounts, and upon such statement it appears that said guardian has received of the assets of said minor, the sum of $1,163 43, and laid out and expended $1,023 37, leaving in his hands the sum of $126 00. It is therefore ordered that said minor do have and recover of said administrator, the sum of $136 00, for which execution may issue.

E. W. TEAGUE, J. P. C."

" It was admitted on the trial, that on the 14th of March, 1864, there was no newspaper published in the county of Henry." The appellant also filed pleas denying most of the material allegations of the petition, and moved the court to dismiss the petition for want of security for costs.

The court overruled the demurrer, " ordered that the prayer of the petition be granted, and that said administrator file accounts and vouchers for a final settlement with petitioner on the 8th February next;" to this ruling the appellant excepted, and here assigns as error:

1. Overruling the demurrer; 2. Precluding the defendants by the ruling on the demurrer, from a trial of the issues presented by his pleas; 3. Refusing to dismiss the petition for want of security for costs."

PUGH & BAKER, for appellants.—1. The notice given by posting, as recited in the record, (if good against non-resident infants,) merely brought the infants into court for the appointment of a guardian *ad litem*, but no settlement made without the appointment of a guardian *ad litem* would be binding against the infant for any purpose. The settlement would be void, and not voidable merely.

The probate court has no jurisdiction over the person of an infant, so as to bind him by its settlement with the administrator, unless that infant is represented by guardian *ad litem*. The constructive notice by posting was worth nothing, and intended for nothing except to confer jurisdiction upon the court to appoint a guardian *ad litem*. The sole merit of the principle that binds the infant by the decree in a collateral attack, is derived from the fact that the infant is represented in court by a guardian *ad litem*. If a guardian is appointed, and accepts, this is sufficient to up-

hold a decree in a collateral attack, although no notice was given by posting or otherwise, to the infant; but the infant being incapable of defending himself, or binding himself, it is indispensable to the exercise of jurisdiction that he should be represented by guardian *ad litem.*

2. There is nothing in the record from which it can be inferred by this court, that the guardian *ad litem* accepted the appointment.

The acceptance of the notice of the proceedings for final settlement, amounts to nothing more than service of the notice by the sheriff; and service of such notice would be insufficient to prove acceptance of the appointment of guardian *ad litem.*

It was a proceeding *in personam*, in a court of *limited statutory jurisdiction*, and all the jurisdictional facts must be recited, or reasonably inferable from the record.

In courts of *general* jurisdiction the presumption of the existence and proof of the jurisdictional facts, would sustain the judgment or decree, unless it appeared that those acts did not exist or were not proved.

W. C. OATS, for appellee.—The main question involved in this case, is one of jurisdiction. Jurisdiction is two-fold, consisting of the subject-matter and of the person. The want of either renders a decree void.—*Lamar v. Commissioners' Court of Marshall County*, 21 Ala. 772.

When a court acts without jurisdiction, it is the usurpation of a power, and its proceedings are void; when it has jurisdiction, but acts wrongfully, it is an error in judgment, and its proceedings are only voidable.—Authorities cited in opinion of Judge Stone, in *Hunt's Heirs v. Ellison's Heirs*, 32 Ala. 193.

A void proceeding can be vacated at any time, but a voidable one must be assailed within a reasonable time, which time is prescribed by the laws regulating appeals; and further, it must be attacked in the mode directed by law, viz: Either by appeal or motion, while the proceeding is "*in fieri.*"—Opinion of Judge Stone, *supra; Griffin v. Griffin*, 40 Ala. 296.

Jurisdiction of the final settlement of a guardian's ac-

counts, is conferred on the probate court by statute.—Code, § 790.

In the case, then, in question, the court had jurisdiction of the subject-matter.  Did it acquire jurisdiction of the person of the ward " by its own acts, through the medium of its process and its officers ?"

To acquire jurisdiction of the person of the ward in such a proceeding, the Code prescribes " publication in some newspaper published in the county, for three successive weeks ; or if none is published therein, by posting such notice at the court-house, and three other public places in such county for the same length of time."—Code, §§ 2140, 2449 ; *Frierson v. Travis,* 39 Ala. 150.

The record of the case at bar shows that the latter was done ; and it further shows the admission that there was no newspaper being published in the county at that time ; and without such admission, this court would presume that notice was given as required by law.   " *Omnia præsumuntur rite esse acta.*"

That which the statute prescribed, was strictly complied with, and, therefore, there was a legal constructive notice, which may be regarded as the equivalent of personal service.   The decree must, therefore, be treated as rendered with notice to the ward.   It is, therefore, effectual against the ward.—*Frierson v. Travis, supra.*

But admitting that there was no legal constructive notice, the decree will be effectual, if the want of notice is in some legal mode excused.—*Frierson v. Travis, supra.*

The representation of the infant, by a guardian *ad litem,* would be sufficient to give jurisdiction over the infant. There was a representation of the ward in this case.   " To make up the representation of an infant by a guardian, there must be an express assent by him to the appointment, or there must be some *action* by him denoting his assent." *Frierson v. Travis, supra,* and authorities there cited.

The record recites that upon service on Kelly of appointment and notice, which contained in it an order to *appear* at the time stated, " he accepted due and legal service, waived copy and further notice," and that he was *present* at the settlement.   The fact to be ascertained is the assent

of Kelly to the appointment. The evidence from which to gather this assent is not restricted to express words of acceptance, but it may be implied from his actions. Would it not be a very reasonable inference from the acts of Kelly that he assented to the appointment. Is it not preferable to infer this, rather than to impute to him deception.

The proceeding, then, shows affirmatively on its face that the court had jurisdiction both of the person and of the subject-matter. It is, therefore, not void.—*Johnson's Adm'r v. Johnson*, 40 Ala. 247.

It results that the judgment of the court below should be reversed for its ruling on demurrer. The court also erred in its judgment, as it precluded the appellant from pleading over, which was a matter of right.—Code, § 2658. The probate court should have dismissed the petition of appellee, because it showed upon its face that she was a non-resident; no security for costs was given.—Revised Code, § 2802.

B. F. SAFFOLD, J.—The appellee petitioned the probate court to annul and set aside a final settlement of guardianship, made by the administrator of her guardian, on the 14th of March, 1864, on the ground of errors in the settlement, and because it was void on account of the non-acceptance by her guardian *ad litem* of his appointment. The appellant demurred to the petition, specifying: 1. A misjoinder of parties. 2. That the court had jurisdiction of the subject and of the persons of the parties interested, and the decree and proceedings were *res judicata*; not being void by anything apparent on the record. There were also pleas denying some of the material allegations of the petition.

The assignments of error are: 1. Overruling the demurrer. 2. Precluding a trial on the merits by the ruling on the demurrer. 3. The refusal of the court to dismiss the petition, for want of security for costs, the petitioner being a non-resident.

It is doubtful whether security for costs can be required in a proceeding like this; but if so, as the probate court is to be governed by the laws regulating chancery practice,

in the absence of any more positive regulation, section 3338 of the Revised Code would control the matter of security for costs. The petition could only be dismissed for failure to give such security, after thirty days' notice by the court.

There is not a misjoinder of parties, as there is only one party on each side.

It was the duty of the court, before proceeding to make a final settlement of the guardianship, to appoint a competent person to represent the interest of the minor.—Rev. Code, 2138. This appointment is not completed until the assent to act of the person appointed is signified. The transcript shows that a guardian *ad litem* was appointed and notified of his appointment; it also shows that he was present at the trial and made no objection. This is equivalent to an exposition that he did not accept the appointment in writing, nor do any act denoting his acceptance. The decree of the court was, therefore, made without jurisdiction obtained over the person of the infant, and was void.—*Frierson v. Travis*, 39 Ala. 150; *Jenkins' Distributees v. Jenkins' Adm'rs*, 16 Ala. 693.

The probate court may, on proper application, vacate any order, decree or judgment at any time subsequent to its rendition, if the same is void on the face of the record or proceedings.—*Johnson v. Johnson's Adm'r*, 40 Ala. 247; *Summersett v. Summersett, ib.* 596.

The decree of the probate court is affirmed.