### SEARCY *vs.* HOLMES ET AL., ADM'RS.

[PETITION TO PROBATE COURT TO SET ASIDE AND DECLARE NULL AND VOID A FINAL SETTLEMENT OF ADMINISTRATORS.]

1. *Administrator, final settlement of ; when void.*—The final settlement of an administrator, made without the appointment of a guardian *ad litem,* for the minor heirs and distributees, and his acceptance, apparent on the records, is void.
2. *Posting ; notice by.*—Where notice is given by posting only, the reason why that mode is resorted to should be stated.

APPEAL from the Probate Court of Henry.
Tried before the Hon. J. B. APPLING.

GEO. W. SEARCY, as next friend for Bryant C. Holmes, on the 14th of December, 1868, petitioned the probate court to annul and declare void a decree rendered by that court on the final settlement, by the appellees, upon their removal of their administration of the estate of Bryant Holmes, deceased. The reasons given in the petition for the motion, were that no guardian *ad litem* of the minors

interested had been appointed, and proper publication of the notice of settlement had not been made.

The transcript of the record of the final settlement is entirely silent as to the appointment of a *guardian ad litem*, and no mention is made of any minors, or a guardian *ad litem* for them, in the decree of the final settlement.

That part of the decree relating to the publication of notice, is as follows : " And it appearing to the satisfaction of the court, that notice of said settlement has been given by posting notices at the court-house door, and three public places in said county, for three successive weeks before this day,  *  *  *  *  the court proceeded, &c."

The decree of final settlement shows that Geo. W. Searcy, the administrator *de bonis non*, was the only party in interest who appeared, or, so far as the record shows, who was served with notice.

The court overruled the motion of petitioner, and taxed him with costs, and the ruling of the court is now assigned as error.

W. C. OATES, for appellant.
F. M. WOOD, *contra*.

[No briefs came into reporter's hands.]

B. F. SAFFOLD, J.—Section 2232, Revised Code, requires the settlement of the accounts of an administrator who has been removed, to be made in the same manner as other settlements of administration. Section 2140 directs the manner of giving notice ; one of the modes of which is, by publication in a newspaper in the county, if there be one.

Section 3138 requires the court to appoint a guardian *ad litem* to represent the interest of the minors. This appointment, and the acceptance of it, have been held by this court to be indispensable to the validity of the decree. *Laird, Adm'r, v. Reese*, at the January term, 1869 ; *Frierson v. Travis*, 39 Ala. 150 ; *Jenkins' Distributees v. Jenkins' Adm'rs*, 16 Ala. 693. It does not appear from the transcript in this case that such appointment was made, or that

any of those interested in the settlement of the estate, were represented, except the administrator *de bonis non.* It is unnecessary to consider any other assignment of error, but it may not be amiss to say that when notice is given by posting only, the reason why that mode is resorted to should be stated.

Let the judgment be reversed and the cause remanded.

NOTE BY REPORTER.—At a subsequent day of the term, appellee applied for a rehearing, to which the following response was made :

B. F. SAFFOLD, J.—The application for a rehearing is based on the ground that infant heirs are not parties to the final settlement of the accounts of a removed administrator. An administrator who has been removed, is required to make a statement of the heirs and legatees, and to settle his accounts, as in other cases of final settlement. Revised Code, § 2232. Why this, if such parties are not necessary ? They have a deep interest in seeing that the accounts of the outgoing administrator are correct, and that the estate has not suffered by his management.—Revised Code, § 2236. It is the duty of the court to appoint guardians *ad litem* for them.—Section 2138. The administrator *de bonis non* is not responsible for the maladministration of his predecessor.

A rehearing is denied.