**BRUCE'S EXECUTRIX** *vs.* **STRICKLAND'S ADM'R.**

[PETITION TO SET ASIDE ADMINISTRATOR'S FINAL SETTLEMENT.]

1. *When appeal lies from probate decree.*—An appeal lies from a decree of the probate court, setting aside and declaring void a former decree rendered on the final settlement of an administrator's accounts.

2. *When probate decree may be set aside at subsequent term.*—A final decree of the probate court which is absolutely void, whether for want of jurisdiction of the subject matter or of the persons interested, may be set aside and declared void at a subsequent term ; *secus,* as to a decree which is voidable merely.

3. *Notice of final settlement of administrator's accounts.*—To sustain a decree of the probate court, rendered on final settlement of an administrator's accounts, the record must affirmatively show that the parties in interest had notice, either by personal service, or by proper publication, of the intended settlement; and if the record shows that the notice was given by posting at the court-house door and three other public places in the county, (Revised Code, § 2140,) it must also affirmatively show that no newspaper was published in the county.

4. *Receipt of Confederate money by administrator, or investment in Confederate bonds.*—An administrator who, during the late war, converted the assets of the estate into Confederate money or bonds, is liable to account for the same, on his final settlement, in sound funds ; but the improper allowance of a credit by the court, for such money and bonds, is a mere irregularity, or error of law, and does not render the final settlement absolutely void, nor authorize the court to set it aside at a subsequent term.

5. *Settlement of administrator with himself as guardian of infant distributees.*—When an administrator is also the guardian of the infant distributees of the estate, the chancery court only has jurisdiction to settle his accounts ; but a settlement made in the probate court, in such case, is not absolutely void.

6. *Amendment of probate decree nunc pro tunc.*—A decree of the probate court, rendered on the final settlement of an administrator's accounts, which shows on its face that notice was only given by posting at the court-house door and three other public places in the county, can not be amended at a subsequent term, *nunc pro tunc,* by parol proof of the fact that no newspaper was published in the county : such amendment can only be made on proof of some order or memorandum of record.

APPEAL from Probate Court of Lowndes.

Tried before Hon. J. V. McDUFFIE.

In the matter of the estate of Ann P. Strickland, deceased, on the petition of L. J. Bryan, as the administrator *de bonis non*, to set aside a decree of final settlement of the accounts of Jacob Bruce, the former administrator, since deceased, whose executrix, Mrs. Susan Bruce, was made a defendant to the petition. The petition was filed on the 27th of April, 1871. The decree of final settlement was rendered on the 24th of August, 1866, and was in the following words:

"This being the day set to hear and pass upon the account heretofore filed by Jacob Bruce, administrator of the estate of Ann P. Strickland, for a final settlement of his administration of said estate: Now comes the said administrator, and moves the court that said account may be passed and allowed as the same has been by him filed as aforesaid. And it appearing to the court, from proper evidence, that due notice of the nature of, and of the time set to make such settlement, had been given, by advertisement posted at the court-house door and three other public places in the county, for three successive weeks; and W. C. Griffin, who was heretofore appointed guardian *ad litem* for the minor heirs, now appearing in open court, consenting to act, and contesting said settlement, the court proceeds to examine said account, and to hear the evidence submitted in relation thereto; whereupon it is found that said administrator has received, in cash, of the assets of said estate, in Confederate money, the sum of eleven hundred and eighty-eight 42-100 dollars, which was bonded under an act of congress, and is now worthless. It further appears that the said administrator has expended for said estate, in United States currency, the sum of one hundred and five 17-100 dollars, which shows an excess of disbursements, over receipts, of one hundred and five 17-100 dollars. And the said account appearing to be full and correct, it is ordered, adjudged and decreed by the court, that the same be, and it is hereby, in all things, passed and allowed, as above stated. It is further ordered that said account, vouchers, evidences and statements, together with

Bruce's Executrix v. Strickland's Adm'r.

all the papers on file relating to this, or any former settlement and proceedings, be recorded."

The defendant moved to dismiss the petition, and also demurred to it, on the ground that the court had no jurisdiction to set aside or review the decree of final settlement; and reserved exceptions to the overruling of her motion and demurrer. On the hearing of the petition, as the bill of exceptions shows, the petitioner offered in evidence the decree which he sought to set aside; which the defendant then moved to amend, *nunc pro tunc*, by inserting in the proper place the words, "there being no newspaper published in said county," "and offered proof of the same." The court excluded the evidence, and the defendant excepted. This was all the evidence, and the court thereupon rendered a decree in accordance with the prayer of the petition, setting aside the former decree; which decree, with the other rulings of the court above stated, is now assigned as error.

FITZPATRICK, WILLIAMSON & GOLDTHWAITE, for appellant.
WATTS & TROY, and J. F. CLEMENTS, *contra.*

PETERS, J.—This is an application by petition filed by the appellee, Bryan, as the administrator *de bonis non* of the estate of Ann P. Strickland, deceased, in the probate court of Lowndes county, against Susan Bruce, as the executrix of the will of Jacob Bruce, deceased, former administrator of the estate of said Ann P. Strickland, to set aside and declare void the decree of final settlement of said Bruce of his administration of said estate of said Ann P. Strickland, made by him in his life-time in said court of probate, on the 24th day of August, 1866. The grounds for the setting aside said decree, as alleged in said petition, are as follows:

"1. That the receipt of Confederate money by the said Jacob Bruce, as administrator, would not discharge him from liability to the heirs of Ann P. Strickland.

"2. That the decree on final settlement of said Jacob Bruce, administrator of said Ann P. Strickland, deceased,

fails to recite the reason that publication was not made in a newspaper.

"3. Because a settlement by an administrator with himself as guardian is void."

The application in this case was made on April 27, 1871, and all the parties interested were made parties to the proceeding. The prayer of the petitioner was granted, and the final decree of August 24, 1866, was set aside and declared void. From this judgment the case was brought to this court by Mrs. Bruce, as executrix aforesaid.

1. The first question to be disposed of is, a motion by appellee to dismiss the appeal, because the judgment from which it is taken is not such a final decree as permits an appeal. This motion must be denied. The petition to have the judgment on the final settlement of Bruce declared void, was the commencement of a suit in the court below, and the decree in that suit makes a final disposition of the matters therein litigated between the parties. Such a judgment is a final decree, from which an appeal will lie. Rev. Code, §§ 3485, 3508, 2247. Besides, from the decrees on such applications appeals have frequently been entertained by this court.—*Satcher v. Satcher's Adm'r*, 41 Ala. 26; *Johnson v. Johnson's Adm'r*, 40 Ala. 247; *Laird v. Reese*, 43 Ala. 148. The motion to dismiss is, therefore, refused, with costs.

2. The next question presented by the argument of the learned counsel for the parties on both sides of this cause, is, the validity of the judgment of the 24th day of August, 1866, rendered on the final settlement of Jacob Bruce of his administration of the estate of Ann P. Strickland, deceased. If this judgment was void, then the action of the court below was without error, and must be sustained. But, if it was not void, but merely voidable, then the judgment of the court below must be reversed. To give validity to the judgments of a court, it must appear from the record that the court had jurisdiction of the subject matter of the suit, and also of the persons directly interested in the matters litigated in the suit.—*Lamar v. Comm'rs Court of Marshall County*, 21 Ala. 772. If these facts exist, the

judgment can not be collaterally assailed as a void proceeding. But, if they do not exist, then it may be set aside on petition and motion in the same court, or wholly disregarded as a nullity.—*Johnson v. Johnson's Adm'r*, 40 Ala. 247 ; *Elliott v. Peirsol*, 1 Peters, 328, 340.

3. The suit in which the decree sought to be set aside and declared void was rendered, was a proceeding on the final settlement of an administration in the same court in which the letters of administration had been granted. In such a case, there can be no doubt about the power of the judge of probate to act. His power over the administrator and the estate of the deceased is expressly given by statute.—Rev. Code, § 790. He, then, had jurisdiction over the subject matter and the persons interested in the result of the suit. If, then, the persons interested had notice of the proceeding, or appeared and had an opportunity to defend their rights, the jurisdiction of the court is complete, and the court is clothed with the power to decide every question that arises in the progress of the cause; and whether its decision be correct or erroneous, its judgment, until reversed, is conclusive, after the adjournment of the court at which it was rendered.—*Harris et al., Exr's, v. Billingslea et al.*, 18 Ala. 438. The suit to enforce the final settlement of the administration may be commenced by the administrator himself, or it may be commenced by citation for this purpose issued by the court.—Rev. Code, §§ 2136, 2137, 2153, 2154, 2157. In the first instance, which is this case, the suit is commenced, and the jurisdiction attaches, as soon as the administrator files his accounts as required by law for his final settlement.—Revised Code, § 2137. After this step is taken, it is the duty of the court to appoint a competent person to represent the interest of minors and persons of unsound mind interested in the settlement, and to fix a day for the cause to be heard, and to give notice of the same in one of the ways prescribed by law.—Revised Code, §§ 2138, 2140. When these preliminaries are complied with, the court is clothed with authority to proceed to a final decree, as soon as the parties are properly before the court. And if the decree thus rendered contains the

necessary recitals for a final judgment, in such a case, it is not void, however irregular the proceedings may appear to be after the jurisdiction has attached and the parties are duly notified.—*Satcher v. Satcher's Adm'r*, 41 Ala. 26. But the court can not render a valid decree, unless the parties entitled to notice have been served with process, or have notice by advertisement, as prescribed by the statute, in lieu of personal notice.

In the final settlement sought to be assailed, the distributees were all minors, and there was no personal service of notice upon any of them. Nor does the notice by advertisement seem to have been given in conformity with the statute then in force; this was the Code. It prescribed two modes of giving notice of the settlement, but these could not be used indifferently. The second could only be used in the event that the first could not be resorted to. The language of the statute is as follows: "Upon the filing of such account, vouchers, evidence and statement, the judge of probate must appoint a day for such statement, *("settlement"?)* and give notice of the same by publication in some paper published in the county, for three successive weeks; or, if none is published therein, by posting such notice at the court-house, and three other public places in the county, for the same length of time. Such notice must state the name of the executor or administrator, the name of the deceased, the day appointed for settlement, and, if the settlement is proposed to be final, it must be so stated."—Code of 1852, §§ 1805–6. This very great particularity could not have been pointed out by the legislature, unless it was intended that it should be observed. Where the court is one of merely statutory powers, and the statute directs the thing to be done, and the mode of doing it, both must be complied with. In such a case, the court can only proceed as it is directed to proceed.— *Mathewson v. Sprague*, 1 Curt. 457; *Grignon v. Astor*, 2 How. 319; *Kemp v. Kennedy*, Pet. C. C. 30; *Hart v. Gray*, 3 Sum. 339. An improper notice is no notice, unless the parties choose to act upon it. The guardian *ad litem* has no authority to waive this notice. Only the heirs and leg-

atees who are of age can do this.—Code of 1852, § 1807. The guardian represents the interest of the minors at the settlement.—Code of 1852, § 1803. The minors were primarily entitled to notice by advertisement published in the newspaper, and no other notice could be resorted to until this failed. And to render the notice sufficient, the judgment, or the record of the proceedings, should show that there was a failure of the primary method of notice before the secondary mode was resorted to. This was not done, and the minors were not properly before the court when the judgment of final settlement was rendered. It is, then, void as to them.—*Hollingsworth v. Barbour*, 4 Peters, 466, 470, 476; *Webster v. Reid*, 11 How. 436.

The legislature has shown its exceeding anxiety for the protection of minors, in declaring a sale of lands made by order of the probate court to be void, unless the proceedings have been conducted in conformity with the statute authorizing the sale, and prescribing the rules for such proceeding.—Rev. Code, § 2225; *Laird, Adm'r, v. Reese*, 43 Ala. 148; *Searcy v. Holmes et al., Admr's*, 43 Ala. 608; Ordinance No. 38, Pamph. Acts 1868, p. 185.

4. I have already considered the second ground alleged in the appellee's petition for setting aside the final decree of August 24, 1866, but in terms somewhat different from those alleged, because this is the principal point in the case. I will now consider the other two grounds as recited above. The first can not avail in this proceeding. At most, it is but an error in law, which can not be corrected in this way. An administrator is a trustee, and he can not change or convert the trust funds into an unauthorized and worthless security, without a proper order of court to justify such change. Here the entire estate of the minors was wasted by an unauthorized conversion of their whole estate into Confederate treasury notes, and the minors were brought in debt to the guardian. There was no law of congress that justified such a course, and it seems that it was on such a law that the court relied to authorize the credit for the "Confederate money." If the administrator converted the assets of the estate entrusted to his admin-

istration into "Confederate money," or Confederate bonds, this did not exonerate him from accounting for the same upon his final settlement.—*Head et al. v. Talley, Adm'r,* in U. S. Circuit Court at Richmond, Va., before CHASE, C. J., 1870; *Glenn v. Glenn,* 41 Ala. 571; *Hall et al. v. Hall et al.,* 43 Ala. 488.

5. The third ground above stated does not seem to be sustained by the record. And even were the facts as alleged, this would not have rendered the judgment upon the final settlement void. The accounts of an administrator upon his final settlement are made out by the administrator between himself and the estate he represents; this account is filed with the judge of probate having jurisdiction; and on the day appointed for the settlement, the court must proceed to examine and audit this account, hear contested items, and finally state the account and pass the same as stated. This account, so stated and passed, should be recorded.—Revised Code, §§ 2137, 2143, 2147, 2152. But in this case, it is insisted that the decree of final settlement is void, because the administrator who made it was also the guardian of the minor distributees, who were the only parties interested in the settlement, and in such a case the remedy is only in chancery.—*Hays v. Cockrell,* 41 Ala. 75; *Carswell v. Spencer,* 44 Ala. 204. The settlement in this case certainly comes within the principle of the cases above cited. It is most obvious that it would be of doubtful propriety to permit such a guardian to control the interests of the minors in such a settlement, when the record shows that he had wholly wasted their estate in his hands, and left them in debt to him; when, in fact, they are probably entitled to a judgment against him for a considerable sum of money, in sound funds.

6. On the trial below there was an attempt to amend the decree complained of, by the entry of a correct decree *nunc pro tunc.* There can be no doubt about the power of the court to do this. But it can not be done on parol proofs. The evidence of even the judge himself, who presided on the trial, is not sufficient, if it is only evidence by parol. The correction can only be made by evidence of record.

This may be derived from the order of publication, or any other order or memorandum made by the judge, as such, in the proceedings, and which the law authorized to be so made. The correction attempted in this instance does not seem to have been predicated on any such memorandum of record. The court was therefore right in refusing the motion to amend, as shown by the record.—*Hudson v. Hudson*, 20 Ala. 364; *Saltmarsh v. Bird*, 18 Ala. 665; *Kidd v. Montague*, 19 Ala. 169; *Metcalf v. Metcalf*, 19 Ala. 319; *Kitchen v. Moye*, 17 Ala. 143; Shep. Digest, pp. 396, 397; *Gunn v. Howell*, 35 Ala. 144.

There was also an application for a *mandamus* by the appellant in this case, which was sought to compel the judge of probate of said county of Lowndes to reinstate the said decree so set aside as aforesaid, upon the docket, and to dismiss the application to have the same set aside. This is a discretionary writ, and the appellant does not show such a case as recommends itself to the favorable consideration of the court; and it is denied, with costs.

The judgment of the court below is affirmed.