(104 So. 432)

AMMONS et al. v. MOORE. (4 Div. 219.)

(Supreme Court of Alabama. May 21, 1925.)

**1. Elections ⬤�covember274—Office of county commissioner of subdivision of Coffee county held "county office," which may be contested.**

Office of county commissioner of a commissioner district of Coffee county, constituting a subdivision of the county pursuant to Acts 1866-67, p. 362, *held* a county office, within Code 1923, § 545, which may be contested, in view of sections 559, 2569, 6748.

**2. Elections ⬤➑275—Circuit court held to have exclusive original jurisdiction of suit to contest office of county commissioner of commissioner district of Coffee county.**

Under Code 1923, § 559, circuit court *held* to have exclusive original jurisdiction of suit to contest office of county commissioner of commissioner district of Coffee county, despite section 561, being Code 1907, § 470, as amended by Gen. Acts 1911, p. 195.

Appeal from Probate Court, Coffee County; W. O. Mulkey, Special Judge.

Petition of W. J. R. Ammons and J. H. Wooten, to contest the election of J. J. Moore as County Commissioner. From a decree dismissing the petition, petitioners appeal. Affirmed.

J. H. Wilkerson, of Troy, J. N. Ham and Owen & Carmichael, all of Elba, and Fleming & Yarbrough, of Enterprise, for appellants.

County commissioners are county officers and come within the provisions of Code 1923, § 561. Code 1923, §§ 2569, 6748; City of Montgomery v. Smith, 205 Ala. 557, 88 So. 671; Mooring v. State, 207 Ala. 34, 91 So. 869; Street v. Cloe, 207 Ala. 631, 93 So. 591; Hawkins v. L. & N., 145 Ala. 385, 40 So. 293; Mutual Co. v. Allen, 166 Ala. 159, 51 So. 877; Armstrong v. Sellers, 182 Ala. 582, 62 So. 28.

W. W. Sanders, of Elba, for appellee.

In the absence of a statute authorizing the contest of an election, the courts are without authority to entertain such a contest. Clarke v. Jack, 60 Ala. 271; Watters v. Lyons, 188 Ala. 525, 66 So. 436; Leigh v. State, 69 Ala. 265; Parks v. State, 100 Ala. 640, 13 So. 756; State v. Crook, 126 Ala. 614, 28 So. 745.

GARDNER, J. Appellants, as residents and qualified electors of Coffee county, Ala., filed in the probate office of said county their petition for contest of the election of appellee as county commissioner from the Northwest district thereof. The trial court sustained the contention that it was without jurisdiction to hear and determine the contest, and dismissed the petition, from which decree contestants have prosecuted this appeal. The question of jurisdiction, therefore, is the sole matter here presented.

[1] Ordinarily the office of county commissioner is filled by the voters of the entire county, but in 1867, by virtue of a local act (Acts 1866-67, p. 362), Coffee county was divided into four commissioner's districts, and the office filled by the resident voters in the respective districts.

In view of this situation, the learned special judge concluded that the office of county commissioner of Coffee county was not included among those designated for contest in the language of the general provision, "or to any office which is filled by the vote of a single county," found in section 545, Code 1923. In construing this section, it is proper, however, to consider other general provisions of the Code as to the contest of elective offices, from which it is clearly gathered the Legislature intended to provide for contests of all state, circuit, district, and county elective offices. County commissioners are county officers. Sections 2569 and 6748, Code 1923. Such an office was included in the general provision of section 545, supra, as the office was ordinarily filled, and no reason suggests itself why the law-making department should desire that a contest not be provided for such office in the event it is filled by vote of a district of the county rather than that of the entire county.

While it is not filled by the vote of the entire county, but a subdivision thereof, yet, in a broad sense, it is a county office filled by the vote of a single county. The purpose is to ascertain the legislative intent, and in section 559, in treating the question of the jurisdiction of the circuit court as to election contests, the language is used, "or any office filled by the vote of a single county, or any subdivision thereof," thus disclosing, to our minds, that such an office as here in question was assumed by the law-making body to have been provided for and as a legislative construction of said section 545. We therefore reach the conclusion that the office of county commissioner of Coffee county is such an office as comes within the provisions of section 545, and may be contested.

[2] We are of the opinion, however, that the probate court was without jurisdiction to entertain the contest, and that the same was properly dismissed. The provision of section 559, Code 1923, just above quoted, is applicable to just such a situation as here presented. This section was formerly section 470, Code 1907, which provided only for the contest of the office of probate judge, but was amended in its present form by General Acts 1911, p. 195. As thus amended, such an office as here in question is clearly embraced within its provisions, and the circuit court is given jurisdiction thereof.

While section 561, Code 1923, which relates

to the jurisdiction of the probate court as to the contest of elections, has the general provision also, "or any office filled by the vote of a single county," yet it does not contain the further provision, "or any subdivision thereof," found in section 559, and, in any event, the latter named section, being the later expression of the Legislature, will be construed as superseding this general provision of section 561. But, viewed in any aspect, the provisions of section 559 directly here apply, and those of section 561 do not.

We therefore entertain the view that the probate court was without jurisdiction, and the decree dismissing the petition will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.