

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Honorable C. D. Wright
County Attorney
Briscoe County
Silverton, Texas

Dear Sir:

Opinion No. O-6905

Re: Residence of County Commissioners. A County Commissioner may remove from the precinct, in which he was elected and has qualified, into an adjoining precinct in the same county without vacating his office.

We acknowledge receipt of your request for an opinion on the above matter, which reads in part as follows:

"We have a situation in this county that needs your advice. This is the situation:

"One of our County Commissioners has moved from the Commissioners Precinct for which he was elected to an adjoining precinct, just about a quarter of a mile, still in this county.

"With our library we have not been able to find a fact case reported, and we need to know:

"1. Did this Commissioner automatically vacate his office when he moved his family to his new location, on land that he owns and established his home at the new location?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. C. D. Wright, page 2

"2. Can he still hold office as Commissioner, even if he is living in another precinct different from the one for which he was elected?

"3. If he cannot continue to hold office, will it take an action of the Commissioners' Court declaring the office vacant, if he does not resign before a new man can be appointed?

"4. If he continues in office will it invalidate any of the orders of the Commissioners' Court."

Section 18, Article 5 of the Constitution provides as follows:

"Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people into precincts, not less than four and not more than eight. The present County Courts shall make the first division. Subsequent divisions shall be made by the Commissioners' Court, provided for by this Constitution. In each such precinct there shall be elected at each biennial election, one justice of the peace and one constable, each of whom shall hold his office for two years and until his successor shall be elected and qualified; provided that in any precinct in which there may be a city of 8000 or more inhabitants, there shall be elected two justices of the peace. Each county shall in like manner be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners' Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." (Underscoring ours)

Sec. 14, Art. 16 of the Constitution provides as follows:

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

Hon. C. D. Wright,   page 3

In view of the provisions of Art. 5, Sec. 18 of the Constitution, above, there is no doubt that a county commissioner is a county officer. While this question seems not to have been passed on by the Courts of our State, it has been decided by the Courts of many other States. See Vol. 10, Words and Phrases, 96. In the case of Ammons v. Moore, 104 So. 432, the Supreme Court of Alabama held that the office of County Commissioner of a subdivision of Coffee County was a county office. The facts in that case show that Coffee County was by law divided into four commissioners' districts. Therefore, a county commissioner being included in the term "county officers" as used in Art. 16, Sec. 14 of the Constitution, above, is required to reside in his county only and not necessarily in the precinct in which he was elected.

Article 2339, Vernon's Annotated Civil Statutes, provides as follows:

"Each county shall be divided into four commissioners precincts, and one commissioner shall be elected biennially in each precinct, and each commissioner shall hold his office for two years."

Art. 2341, V. A. C. S., provides as follows:

"In case of vacancy in the office of commissioner, the county judge shall appoint some suitable person living in the precinct where such vacancy occurs, to serve as commissioner for such precinct until the next general election."

Art. 2927, V. A. C. S., provides as follows:

"No person shall be eligible to any State, county, precinct or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for the period of twelve months and six months in the county, precinct, or municipality, in which he offers himself as a candidate, next preceding any general or special election, and shall have been an actual bona fide citizen of said county, precinct, or municipality for more than six months. No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under primary election laws of this State; and no such ineligible candidate shall ever be voted upon, nor have votes counted for him, at any such general, special, or primary election."

Hon. C. D. Wright, page 4

Art. 2928, V. A. C. S., provides as follows:

"Neither the Secretary of State, nor any county
judge of this State, nor any other authority authorized
to issue certificates, shall issue any certificates of
election or appointment to any person elected or ap-
pointed to any office in this State, who is not eligible
to hold such office under the Constitution of this
State and under the above article; and the name of no
ineligible person, under the Constitution and laws of
this State, shall be certified by any party, committee,
or any authority authorized to have the names of candi-
dates placed upon the primary ballots at any primary
election in this State; and the name of no ineligible
candidate under the Constitution and laws of this State
shall be placed upon the ballot of any general or
special election by any authority whose duty it is
to place names of candidates upon official ballots."

Under the above constitutional and statutory provisions a
county commissioner, after he has been duly elected or appointed,
is required to reside in his county only, rather than in the
precinct in which he was elected or appointed. From this, we
are not to be understood as holding that a county commissioner
can reside outside the precinct in which he is elected or ap-
pointed at the time of his election or appointment. In the
absence of constitutional and statutory provisions requiring
a county commissioner to reside in his precinct, after he has
been elected or appointed, we are constrained to hold that he
may reside anywhere in his county.

In the case of Ehlinger et al vs. Rankin, 29 S. W. 240,
Chief Justice Fisher said:

". . .The provision of the Constitution is
express in declaring that county officers shall
reside within their counties. This provision
evidently means that the county mentioned is the
county in which the officer was elected. Then
follows the declaration, in effect, that the
failure to so reside in said county shall vacate
the office. The constitution is express upon
this point. It declares, in effect, that failure
to comply with its terms with reference to resi-
dence will bring about a vacancy in the office.
If an officer removes from the county, and estab-
lishes a residence elsewhere, this is a fact that,
by reason of the provision of the constitution
quoted, vacates the office to which he was elected
and to which he has qualified.. ." (Underscoring
ours)

A county commissioner who removes from the precinct, in which he was elected and has qualified, into an adjoining precinct in the same county is not included in the class of officers who remove from their counties and establish residences elsewhere.

In view of the above authorities, you are advised that it is the opinion of this department that the Commissioner whom you inquire about, did not vacate his office by removing from the Commissioners' precinct, in which he was elected, into an adjoining precinct in the same county.

From what we have said we deem it unnecessary to answer your other questions.

We trust that above satisfactorily answers your inquiries.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Jesse Owens
Assistant

JO:LJ

APPROVED NOV 27 1945

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN