45 So.2d 311

**BROADFOOT v. CITY OF FLORENCE.**

8 Div. 543.

Supreme Court of Alabama.
March 23, 1950.

---

1. Ante, p. 297.

Arthur L. Shaw and W. H. Shaw, Tuscumbia, for appellant.

Mitchell & Poellnitz, Florence, for appellee.

Geo. W. McBurney, Florence, amicus curiae.

STAKELY, Justice.

This suit is an effort on the part of Owen W. Broadfoot (appellant) to contest an election which resulted in annexing certain territory to the City of Florence. The election was held in the territory sought to be annexed under authority of Local Act No. 319 approved July 28, 1949. General and Local Acts 1949, p. 449. The appellant is a qualified elector residing in the territory sought to be annexed.

The aforesaid local act directed that the election be conducted in all respects in accordance with the requirements of Chapter 5, Article 1, Title 37, Code of 1940. The result is that the contest in the case at bar is governed by the same provisions as are provided by general law for contesting the election of a justice of the peace, the city being the contestee. These provisions are found in §§ 247 to 253, inclusive, of Title 17, Code of 1940, which relate to jurisdiction and procedure and § 236, Title 17, Code of 1940, which states the grounds on which the contest may be made.

Owen W. Broadfoot filed a petition of contest in the Probate Court of Lauderdale County. The City of Florence (appellee) demurred to the petition and moved to dismiss it on the ground that the Probate Court has no jurisdiction. The court sustained both demurrer and motion and dismissed the petition. The appeal here is from that ruling.

The theory on which the court acted and dismissed the petition is that under § 247, Title 17, Code of 1940, the probate court had no jurisdiction, power to determine the contest being vested in the probate judge. The case is accordingly one of statutory construction and for an understanding of the matter we set out § 247 as follows: "If the contest be of an election to fill the office of justice of the peace, constable, or any office filled by the vote of a single county, not in this article otherwise provided for, the person contesting must file in the office of the judge of probate of the county in which the election was held, within fifteen days after the result of the election has been declared, a statement in writing of the grounds of contest, verified by affidavit, as required by this article, and must give security for the costs of the contest to be approved by the judge of the probate court; but in no case of an election contested under the provisions of this section shall the judge of probate require security for more than five hundred dollars; and the judge of probate may, from time to time, as may seem just and proper, require additional or better security; but in no event shall such security exceed five hundred dollars, and when such additional security shall be given and approved, it shall supersede any bond theretofore given, and shall stand as security for the entire costs of the contest. The statement having been filed and security for costs given, the judge of the probate court must appoint a day for the trial of the contest and must order a summons to issue to the party whose election is contested, accompanied with a copy of the statement, requiring such party to appear and make answer to the statement within five days after the service of the summons. The judge of the probate court must appoint a day for the trial of the contest, not exceeding twenty days after the filing of the statement, and of the day appointed the party whose election is contested must have ten days' notice in writing served upon him by the sheriff or a constable of the county."

We have a line of cases which draw a distinction between the probate judge and the probate court as for example where grant of the writ of habeas corpus is concerned. Carwile v. State, Ala.Sup., 39 So. 1024; Craddock et al. v. Oliver, Probate Judge, 23 Ala.App. 183, 186, 123 So. 87, certiorari denied 219 Ala. 607, 123 So. 88. And of course neither the probate judge nor the probate court can have any greater authority than that conferred by statute. Whorton v. Moragne, 62 Ala. 201.

But the words "judge" and "court" are frequently used in statutes as synonymous and convertible terms and whether an act is to be performed by one or the other is generally to be determined by the character of the act rather than by such designation. 14 Am.Jur. p. 248; 30 Am.Jur. p. 729. In order to determine the meaning of "judge of probate" in § 247 we should look also to § 248 et seq., which deal with the same subject. Harrington v. State, 200 Ala. 480, 76 So. 422; Ammons et al. v. Moore, 213 Ala. 201, 104 So. 432. In § 248, Title 17, Code of 1940, we note these words, "If the ground of contest of the election be malconduct, fraud, or corruption on the part of any inspector, clerk, marker, returning officer, or other person, or because of bribery or offers to bribe imputed to the party whose election is contested, *such party may demand a trial of those grounds by jury.*" [Emphasis supplied.] In the case at bar the grounds of contest included among others "Malconduct on the part of inspectors, clerks, markers or returning officers and intimidation or other malconduct calculated to prevent a fair, free and full exercise of the elective franchise" and a jury trial was demanded by petitioner. We think it clear that in cases triable by a jury the court is made up of the judge and the jury. The two combined constitute the court. 14 Amer.Jur. § 4, pp.

458

248–249. Furthermore in § 251, Title 17, Code of 1940, in dealing with the matter of costs, these words are employed, "In all cases the person whose election is contested, if he be the successful party in such contest, is entitled to judgment for the costs thereof against the party contesting and his sureties, for which execution may issue returnable to the *court of probate,* or to the circuit court, as the case may be." [Emphasis supplied.]

This court has had occasion to refer to what is now § 247, Title 17, Code of 1940, in two cases in neither of which, however, the matter now presented for decision was considered. But in both of these cases, the first written by Justice Sayre and the second written by Justice Gardner now Chief Justice, the words "judge of probate" are taken by these two writers to mean "probate court." In the case of May v. Head, 210 Ala. 112, 96 So. 869, the following language was used: "Contests of elections to the office of 'justice of the peace, constable, or any office filled by the vote of a single county' were, by section 471, to be tried in the probate court." The decision in the case of Ammons et al. v. Moore, 213 Ala. 201, 104 So. 432, 433, contains these words: "While section 561, Code 1923, which relates to the jurisdiction of the probate court as to the contest of elections, has the general provision also, 'or any office filled by the vote of a single county,' yet it does not contain the further provision, 'or any subdivision thereof,' found in section 559, and, in any event, the latter named section, being the later expression of the Legislature, will be construed as superseding this general provision of section 561. But viewed in any aspect, the provisions of section 559, directly here apply, and those of section 561 do not."

We think the words "probate court" used in the foregoing decisions while not decisive here are at least significant of the meaning which should be attached to the words "probate judge."

■ In view of the foregoing we conclude that the contest of election was properly filed in the Probate Court of Lauder-

dale County and that it has the jurisdiction to try the election contest.

Reversed and remanded.

BROWN, FOSTER and LAWSON, JJ., concur.