112 So.2d 793

**TOWN OF GULF SHORES et al.**

v.

**Thomas V. COGGIN, Jr., et al.**

1 Div. 778.

Supreme Court of Alabama.

May 21, 1959.

J. B. Blackburn, Bay Minette, and Jas. A. Brice, Foley, for appellants.

Chason & Stone, Bay Minette, for appellees.

STAKELY, Justice.

This is a proceeding which was instituted under the provisions of §§ 17–20, Title 37, Code 1940, to dissolve the municipal corporation of Gulf Shores in Baldwin County, Alabama. The action or proceeding was tried by the probate judge of Baldwin County on September 16, 1957. On November 12, 1957, the Probate Court of Baldwin County rendered a decree dissolving the aforesaid municipal corporation. This appeal followed.

On September 14, 1957, a petition signed by Sidney Bakal and eight others was filed in this cause. This petition requested that the names of the nine aforesaid parties be removed from the original petition which commenced or instituted this proceeding. The appellees filed a motion to strike this petition, which was granted by the court. This ruling forms the basis of the appellants' first assignment of error.

It seems to be conceded that under § 18, Title 37, Code 1940, if the nine petitioners may withdraw or remove their names in the manner employed, then the decree here appealed from is erroneous in that there would only be forty-two qualified electors on the petition at the time of the decree out of a total of sixty-four, obviously less

than the required statutory three-fourths under § 18, Title 37, Code 1940. The following quotation appears in 126 A.L.R. at page 1032:

"* * * [I]t is almost universally held that signers of a petition or remonstrance may withdraw therefrom, or retract their withdrawal, at any time before the instrument is filed, and may not withdraw after final action has been had thereon. But there is considerable variation in result and much conflict of authority as to the right to withdraw or retract withdrawal at various stages of the proceedings after such filing but prior to such final action on the original petition, remonstrance, or withdrawal. The question is, of course, largely influenced by the nature of the proceeding involved and the terms of the statute under which it is instituted."

There seem to be three cases in this state which hold that a petitioner may withdraw his name or revoke his application prior to action thereon. It would seem that if there had been action on the petition then such withdrawal would not be permitted unless it is evident there was good cause shown for such withdrawal. The first time this court considered such a matter was in the case of Irwin v. Mayor, etc., of City of Mobile, 57 Ala. 6. That was a case where a petition had been filed by property owners with the City of Mobile requesting that certain paving improvements be made. One of the signers of the petition, before the work was commenced, revoked his signature to the petition. In that case this court said:

"It may be conceded, without affecting the result of this case, that until action is had on an application of the kind shown in this record, the parties applying, or any number of them, may revoke such application; and if the result of such revocation be to reduce the ownership represented to less than

'one-third in quantity of the real estate located on each side of the street,' then the application will not be a compliance with the statute, and the improvement can not be charged on the owners of the property."

The next time such question was before this court was in the case of State ex rel. Brown v. Porter, 145 Ala. 541, 40 So. 144. In that case the petition had been signed for the removal of the courthouse and on the trial an attempt was made by the appellant to introduce in evidence a petition for withdrawal signed by one hundred seventy of the persons whose names were signed to the original petition that was presented to the Governor. It seems that the court considered the right of the one hundred seventy parties to withdraw from the petition, but did not decide the question.

The matter was next before this court in the case of Birmingham Gas Co. v. City of Bessemer, 250 Ala. 137, 33 So.2d 475, 478. In that case this court said:

"The concluding ground, as set forth in paragraph 9 of the bill, contains the general averment that a large number of the qualified voters in the city of Bessemer withdrew their names from the petitions. We conclude that the weight of authority sustains the view that the signers of such a petition have the right, any time prior to the action of the Commission thereon, to withdraw their names therefrom. 37 Am.Jur. 848, 849. This court recognized such a right in Irwin v. Mayor, etc., of City of Mobile, 57 Ala. 6, and we see no reason to depart from that holding. * * *"

By way of analogy, we call attention to the proceedings allowed by statute, § 239, Title 7, Code 1940, bearing on the right to amend while a cause is in progress. In substance it is provided that a complaint may be amended under the provisions of § 239, Title 7 of the Code after a date has been set for a hearing in the cause but

before any final judgment is rendered. It seems to us that if a party whose name appeared on the original petition and was therefore one of the original petitioners, be allowed the right to withdraw his name under the provisions of § 239, Title 7, he should certainly be allowed to amend in the matter now before this court.

For a further discussion of the matter now under consideration we refer to the annotation in 126 A.L.R. at pages 1031–1080.

We conclude that the court was in error in refusing to allow the several persons to withdraw their names from the petition before final action thereon and since their withdrawal would reduce the number of names required for action on the petition, the judgment of the court must be reversed and the cause remanded.

Our attention has been called to the fact that the decree appealed from recites that it is "therefore ordered, adjudged and decreed by the Probate Court of Baldwin County, Alabama." This is contrary to § 20, Title 37, Code of 1940, which provides that the probate judge shall make a decree dissolving the municipal corporation.

If the case is tried again we suggest that it be made to appear that the decree is the decree of the probate judge, not alone by its allegations, but by his signature thereto. In this way there would be a compliance with the provisions of § 20, Title 37, Code of 1940.

We would then not be put to the necessity of deciding whether the words "Judge of probate" and "Probate Court" can in this instance be used interchangeably, as we held in Broadfoot v. City of Florence, 253 Ala. 455, 45 So.2d 311, 313.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.