The defendant placed a lien upon the plaintiffs' land. The plaintiffs brought this action to have the lien declared void. The trial court did so and the defendant appealed. We affirm.
The plaintiffs, Robin and June Morgan, were the owners of certain lots in a subdivision in the City of Enterprise. In July, 1977 they contracted with another party for labor and materials to be provided upon these lots. That agreement was assigned by the other party to this defendant, Cliff Taylor, d/b/a Enterprise Asphalt Company, who provided the labor and materials which consisted of land clearing, road construction, sewer and water connections, and the like. Following the completion of this work the plaintiffs conveyed twenty-four of these lots to others. Then on April 14, 1978, the defendant Taylor filed a lien on these lots in the probate court of Coffee County, Enterprise Division, alleging an indebtedness of $84,000.00 due him for work performed. On April 28, 1978 the plaintiffs, the Morgans, filed this action for a declaratory judgment to have the lien voided, alleging that: (1) before the lien was filed they had transferred title to much of the property to third parties for value without notice of any liens; (2) that at a time subsequent to those transfers the defendant had claimed certain money for work performed, and that an actual controversy existed between them concerning any sum owed; (3) that the lien was filed against the property on April 14, 1978; (4) that at the time the complaint was filed no bill had been presented by the defendant, but that the lien was filed to maliciously harass the plaintiffs and to place them "in a bad light" with the third party purchasers.
In an answer filed on May 18, 1978 the defendant contravened the plaintiffs' material allegations and maintained entitlement to the lien.
On May 2, 1978 the trial court set the case down for hearing to be held on May 23, 1978. Then on May 16, 1978 the defendant filed a motion to produce directed to copies of checks, invoices, etc. used by the plaintiffs to pay for the work in question. On that same day the defendant filed a motion for an order shortening the time for the plaintiffs to comply with the defendant's motion to produce. The trial court granted the defendant's motion, requiring production by the plaintiffs on or before May 26, 1978. On May 23, 1978, the trial court apparently continued the hearing to allow the parties to complete discovery, even though plaintiffs apparently complied with the defendant's motion on May 23. On May 31, 1978 the plaintiffs filed their motion to produce requesting from the defendant information similar to that requested by the defendant.
From what has been furnished us, by record, through affidavits, and the court clerk's action sheet, it is apparent that the case was continued by the trial court until all discovery was completed. Even so, on August 25, 1978 the defendant's lawyer was allowed to withdraw as counsel. Then on November 14, 1978 the plaintiffs sought an order requiring the defendant's compliance with the earlier motion to produce of May 31, 1978. The defendant was given ten days within which to comply. No response was made by the defendant, and so the plaintiffs moved for an immediate order setting the cause for hearing. That motion and the trial court's order in response thereto were dated December 7, 1978 and marked *Page 1258 
filed on December 11, 1978. In that order the trial court set the cause down for hearing on December 13, 1978. There is in the record the affidavit of the deputy court clerk stating that on December 7, 1978 the circuit court set the hearing date for the 13th day of December, 1978, and that specified notices were sent to this defendant at his last known Alabama address as well as his Georgia address which was 2452 Wise Street, Columbus, Georgia with postage prepaid. The deponent did not give the date on which these notices were mailed.
When the case was called for hearing on December 13, 1978 the defendant failed to appear either in person or by attorney, whereupon the trial court granted the plaintiffs' relief by declaring the lien void. The defendant's motion for a new trial was denied.
The defendant's contention on appeal is that the judgment must be reversed because neither he nor his representative received actual notice that the case had been set for trial on December 13, 1978. He maintains that his second attorney (in Montgomery) employed after the withdrawal of his first attorney (in Enterprise) likewise received no notice of the December 13, 1978 setting of the case. On that point, however, the deputy clerk's affidavit explains that no notice was sent to the Montgomery lawyer because the record of the case at that time in no way reflected that the Montgomery lawyer had any interest in the case. That lawyer's firm was employed to file suit for the defendant to collect the alleged sums owed to him by the plaintiffs and because the defendant represented that he was a resident of Georgia, the action was filed in the United States District Court for the Middle District of Alabama (Southern Division). A copy of that other suit was furnished to the plaintiffs' lawyer, and the Montgomery lawyer maintains that plaintiffs' lawyer "knew that our office was of counsel to Mr. Taylor in his claim for money owed from work on the Forest Park Subdivision." Inferentially he argues, therefore, that somehow such knowledge required notices of the December hearing to be sent to his office. Indeed, the record also contains a copy of a letter, dated October 9, 1978, from the Montgomery lawyer to the plaintiffs' lawyer advising of the federal suit for the money allegedly due. However, neither this letter nor the affidavit of the Montgomery lawyer contains any reference to information contained in the court file which would have disclosed a need for notice of a hearing in this declaratory judgment action to be sent to anyone other than the defendant himself. It may be that counsel for these plaintiffs was aware that the Montgomery lawyer represented the defendant in this
cause "because of extensive contacts in that (the federal) action." But whatever conduct such knowledge may have encouraged by reason of professional courtesy, nevertheless that knowledge did not place upon plaintiffs' counsel any legal responsibility to see that official notices be sent by the court either to his opposing counsel or his client's opponent.
No issue is made with regard to the defendant's initial notice of this lawsuit itself. In fact, he responded, requested discovery, and asked for continuances on two separate occasions. Although he contends that he is a resident of Georgia, and lived in Enterprise, Alabama only while working on the subdivision job, apparently he had no difficulty in receiving earlier notices mailed to his Enterprise address. The notice in question was mailed to that address and a Columbus, Georgia address, in an effort to assure his awareness and provide an opportunity to be present.
But the defendant contends that the trial court's resetting of the case violated Rule 40, ARCP which requires a twenty day interlude between the date of setting and trial. We answered this contention in Knight v. Davis, Ala., 356 So.2d 156 (1978). That provision applies only to initial settings or resettings to future trial dockets, and not to continuances from time to time as was done here. Moreover, litigants are required to keep track of their cases, and, generally speaking, courts owe no duty to notify parties of settings or to continue cases because of a litigant's absence. *Page 1259 Thompson v. Odom, 279 Ala. 211, 184 So.2d 120 (1966); OldSouthern Life Ins. Co. v. Free, 46 Ala. App. 622, 247 So.2d 379
(1971). Here the defendant had requested discovery of the plaintiffs and had obtained it. The plaintiffs, on the other hand, had earlier requested discovery of the defendant and had not obtained it, with the defendant having been granted continuances on his own motion. Following the withdrawal of his first lawyer, defendant maintains that he retained a second lawyer, on September 5, 1978, more than three months prior to the last motion for a hearing and the order thereon, dated December 7, 1978 and the hearing on December 13, 1978. Yet in that interval the court was not informed of his retention so that any notices could be sent to him. From those facts we cannot state that the trial court's action, under the plaintiffs' prayer for general relief, was improper. Rule 37 (b), ARCP. Accordingly, his order must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.