RICHARD L. HOLMES, Retired Appellate Judge.
Burnett Equipment Company, Inc. (Burnett), sued G.L. Hinds and G.L. Hinds, Inc. (collectively referred to as Hinds), for breach of contract and fraud. Thereafter, Hinds sued Burnett for conversion.
In December 1992, the cases were consolidated. Burnett filed a motion for summary judgment, with supporting documentation. Burnett’s deposition was taken. Hinds filed a response to Burnett’s motion for summary judgment and attached Burnett’s deposition in its entirety to the response. The motion for summary judgment was denied.
The case was originally set for trial on July 19,1993. After it was discovered that a jury demand had been made, the case was transferred to the jury docket and reset for July 26, 1993.
A pre-trial conference was held on June 22, 1998.
On July 20, 1993, Hinds filed a motion for continuance, based upon the failure to depose a certain witness.
On July 26, 1993, the day the trial was scheduled to begin, the attorney for Hinds apparently advised the trial court that Hinds was “out of the country” and made a second request for a continuance based upon these grounds. Apparently, the motions for continuance were denied.
Thereafter, Burnett obtained a judgment against Hinds in the amount of $19,090.92, plus costs.
Hinds appeals. This case is before this court pursuant to Ala.Code 1976, § 12-2-7(6).
The only issue raised on appeal is whether the trial court so abused its discretion in failing to grant a continuance that reversal is required. We find no such abuse of discretion and affirm.
The prevailing rule is that a trial court owes no duty to a party to continue a case because of that party’s absence, because a party is required to keep track of his case and to know its status. Taylor v. Morgan, 379 So.2d 1256 (Ala.1980); Knight v. Davis, 356 So.2d 156 (Ala.1978); D. & J. Mineral & Mining, Inc. v. Wilson, 456 So.2d 1099 (Ala.Civ.App.1984). Further, it is well settled that a trial court’s denial of a motion for continuance will not be disturbed on appeal unless there is a showing of palpable or gross abuse of discretion. Scullin v. Cameron, 518 So.2d 695 (Ala.1987).
In view of the facts of this case as indicated above and as contained in the record, it is clear to this court that the trial court was well within its discretion in refusing to grant a continuance.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.