THOMAS, Judge.
Herman Lett (“Lett”), William Montgomery, Dorothy Jones, and Lenora Brackens (hereinafter sometimes collectively referred to as “the contestants”) appeal from a judgment of the Monroe Circuit Court, affirming the judgment of final settlement of the estate of Earl Henry Lett (“the decedent”) entered by the Monroe Probate Court.
In February 2008, the probate court issued letters of administration to Lett, appointing him as the administrator of the decedent’s estate. In September 2008, Lett petitioned the probate court for a final settlement of the estate. The probate court set Lett’s petition for a hearing on October 22, 2008, and notified all 22 heirs of the estate of the date of the hearing. At the October 22, 2008, hearing, the probate court appointed Tonja Carter as the guardian ad litem for Joseph D. Lett, an heir whom the probate court had declared incompetent, and continued the case for a further hearing on October 30, 2008. Lett did not appear at the October 30, 2008, hearing; consequently, the probate court continued the case, setting a new hearing date of November 21, 2008.
On November 4, 2008, Lett filed a revised petition for a final settlement of the estate and filed his resignation as the administrator of the estate. Lett failed to appear at the November 21, 2008, hearing, at which the probate court accepted Lett’s resignation as the administrator of the estate and continued the case, setting a new hearing date of December 22, 2008.
The probate court held a hearing on December 22, 2008, on the petition for a final settlement of the estate, and, on January 14, 2009, it entered a judgment of final settlement. The probate court subsequently entered an amended final-settlement judgment on February 18, 2009. On February 27, 2009, and again on March 2, 2009, the contestants filed motions to set aside the probate court’s judgment of final settlement, alleging that they did not receive proper notice of the December 22, 2008, hearing. The probate court denied both motions on March 3, 2009. The contestants then appealed to the circuit court on March 19, 2009. After holding a hearing, the circuit court entered a judgment affirming the probate court’s judgment, determining that “proper notice was either given to all interested parties or waived as to certain interested parties through them failure to attend hearings where the matter was set or continued in open court after proper notice was distributed.” The contestants subsequently appealed to this court. We transferred the appeal to the Alabama Supreme Court for lack of sub *627 ject-matter jurisdiction. Our supreme court then transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
The probate court entered a judgment of final settlement on January 14, 2009. A judgment entered by the probate court “may be set aside or amended and the case reopened within 30 days after the rendition thereof by the judge of the court in which said [judgment] was rendered....” Ala.Code 1975, §12-13-3. Because more than 30 days had elapsed since the entry of its January 14, 2009, judgment, the probate court had no jurisdiction to enter its February 18, 2009, amended judgment. Therefore, the February 18, 2009, amended judgment is void, and the January 14, 2009, judgment is the operative judgment of the probate court.
Alabama Code 1975, § 12-13-ll(a), provides that, “[o]n motion filed within 30 days from entry of judgment, a new trial may be granted” on various grounds. In addition, “Rules 59, 59.1, and 60 of the Alabama Rules of Civil Procedure apply in probate court proceedings pursuant to § 12-13-12, Ala.Code 1975.” McGallagher v. Estate of DeGeer, 934 So.2d 391, 399 n. 2 (Ala.Civ.App.2005). A postjudgment motion filed under Rule 59, Ala. R. Civ. P., must be filed within 30 days of the entry of the judgment. See Rule 59(b) and (e). The contestants filed their motions to set aside the judgment of the probate court on February 27, 2009, and on March 2, 2009, both more than 30 days after the entry of the probate court’s January 14, 2009, judgment. Therefore, the contestants’ motions were untimely under both § 12-13-11 and Rule 59. Thus, the contestants’ motions could only be considered motions under Rule 60(b), Ala. R. Civ. P., which do not toll the time period for the filing of an appeal. See Rhodes v. Fulmer, 12 So.3d 1239, 1244 (Ala.Civ.App.2009).
The contestants appealed the judgment of the probate court to the circuit court. Alabama Code 1975, § 12-22-21, provides, in pertinent part:
“Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or Supreme Court in the cases hereinafter specified.... Appeal to the circuit court in such cases shall be within the time hereinafter specified:
“(5) After a final settlement, upon any order, judgment or decree, made on such settlement, or respecting any item or matter thereof, or any previous settlement or item, or matter thereof, within 42 days thereafter.”
Thus, the contestants had 42 days from the entry of the probate court’s January 14, 2009, judgment to file thfeir notice of appeal in the circuit court. The 42d day after the entry of the probate court’s judgment was February 25, 2009. The contestants did not file their notice of appeal in the circuit court until March 19, 2009, well outside the statutorily prescribed time for filing of an appeal from the probate court’s January 14, 2009, judgment.
However, the denial of a Rule 60(b) motion is a separately appealable order. Palisades Collection, LLC v. Delaney, 29 So.3d 885, 886 (Ala.Civ.App.2009). The probate court denied the contestants’ Rule 60(b) motion on March 3, 2009, and the contestants’ notice of appeal was timely filed with respect to that judgment. Therefore, the circuit court could properly consider the contestants’ appeal insofar as it challenged the probate court’s denial of the contestants’ Rule 60(b) motion.
The contestants’ argument that they did not receive proper notice of the December 22, 2009, hearing is, in essence, an argument that the probate court’s judg *628 ment is void for lack of due process. An appeal from the denial of a Rule 60(b) motion
“presents for review only the propriety of that denial; thus, when a motion for relief, such as that filed in this case, attacks an order as being void, the controlling inquiry may be stated as follows: ‘If the judgment is void, it is to be set aside; if it is valid, it must stand.’ Smith v. Clark, 468 So.2d 138, 141 (Ala.1985).”
Palisades Collection, 29 So.3d at 886.
The notice requirements for a hearing on a final settlement are prescribed by Ala.Code 1975, § 43-2-505, which provides:
“(a) Upon the filing of such account, vouchers, evidence, and statement, the judge of probate must appoint a day for such settlement, and must give notice of the same, by publication in some newspaper published in the county, for three successive weeks; or, if none is published in the county, by posting such notice at the courthouse and three other public places in such county, for the same length of time; but if the settlement be only an annual one, publication shall only be given by posting up notices as above provided. If the settlement is a final one, the probate judge must also give 10 days’ notice of the day set for making the settlement to every adult distributee resident in the state whose place of residence is known or can be ascertained with reasonable diligence, and to all sureties on the bond of the administrator or executor.
“(b) Such notice must state the name of the executor or administrator, the name of the deceased, the day appointed for settlement and the nature of the settlement, whether annual or final.
“(c) If the heirs or legatees are of age and waive publication in a newspaper, notice must, in such case, be given by posting the same at the courthouse door.”
It is undisputed that the probate court gave all the heirs notice of the October 22, 2008, hearing. However, there is no evidence in the record that the probate court complied with § 43-2-505 by providing the heirs notice of the December 22, 2008, final-settlement hearing.
Jack B. Weaver, J. Milton Coxwell, and Carter (“the respondents”) argue that once the probate court provided notice of the initial hearing date to all the heirs, the probate court was not required to provide notice of the subsequent hearing dates because those dates were set in open court. The respondents argue that “litigants are required to keep track of their cases, and, generally speaking, courts owe no duty to notify parties of settings or to continue cases because of a litigant’s absence.” Taylor v. Morgan, 379 So.2d 1256, 1258 (Ala.1980). In Thompson v. Odom, 279 Ala. 211, 184 So.2d 120 (1966), one of the cases relied on by the Taylor court, the Alabama Supreme Court stated that “in absence of statutory provision to the contrary, all parties litigant, once in court, either for themselves or through their attorneys must keep track of their case, know their status, and ascertain for themselves when their case will be tried.” 279 Ala. at 220, 184 So.2d at 127 (emphasis added).
In this case, the notification requirements for a final-settlement hearing are expressly stated in § 43-2-505. In Bruce’s Executrix v. Strickland’s Administrator, 47 Ala. 192 (1872), a case involving the predecessor statutes to § 43-2-505, our supreme court explained:
“This very great particularity [in former Ala.Code 1872, §§ 1805-1806, the predecessor statutes to § 43-2-505,] could not *629 have been pointed out by the legislature, unless it was intended that it should be observed. Where the court is one of merely statutory powers, and the statute directs the thing to be done, and the mode of doing it, both must be complied with. In such a case, the court can only proceed as it is directed to proceed.”
47 Ala. at 197. “[N]either the probate judge nor the probate court can have any greater authority than that conferred by statute.” Broadfoot v. City of Florence, 253 Ala. 455, 457, 45 So.2d 311, 313 (1950). Thus, the probate court was required to provide notice of the December 22, 2009, hearing, pursuant to the requirements of § 43-2-505. Because the probate court failed to properly notify the contestants of the December 22, 2008, hearing, that court’s judgment of final settlement is void.[1] See Bruce's Executrix, 47 Ala. at 197 (“[T]he court can not render a valid decree, unless the parties entitled to notice have been served with process, or have notice by advertisement, as prescribed by the statute, in lieu of personal service.”). Therefore, the circuit court erred in affirming the probate court’s denial of the contestants’ Rule 60(b) motion, and we reverse the judgment of that court and instruct the circuit court to enter a judgment reversing the probate court’s denial of the contestants’ Rule 60(b) motion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. The respondents also argue that Lett waived the requirement for notice of the hearing because Lett’s attorney filed a letter with the probate court stating that Lett’s attorney no longer needed to be served with any additional pleadings in the case. Lett was not the only heir who did not receive notice of the final-settlement hearing. Therefore, even if we were to accept the respondents’ argument, the probate court’s order would still be void for failure to notify the other heirs.