THOMAS, Judge.
Viva Woodall died on July 2, 2008. In August 2008, her son, Bobby Woodall, who was named in her will as the executor of her estate (“the executor”), filed a petition in the DeKalb Probate Court (“the probate court”), seeking to probate her will. Viva’s daughters, Threasa Banks and Vivian Wiggs (“the daughters”), were named as beneficiaries in the will. In December 2010, the executor filed a petition seeking approval of the final settlement of the estate. The probate court set a hearing on the petition for January 11, 2011. For a reason not apparent from the record, the probate court, on December 20, 2010, reset the hearing for January 20, 2011. The daughters did not appear to contest the final settlement, and the probate court en *295 tered a judgment confirming the final settlement on January 20, 2011.
On March 24, 2011, counsel for the daughters went to the probate court and, for the first time, learned that the matter had been reset for January 20, 2011, and that a judgment had been entered that same date.[1] The daughters, on April 15, 2011, filed what they styled as a motion to alter, amend, or vacate the judgment, pursuant to Rule 59, Ala. R. Civ. P., alleging that they had not received notice that the hearing had been reset to January 20, 2011, or that a judgment had been entered and, essentially, alleging that they had been denied due process. In their motion, the daughters averred that they knew of the January 11, 2011, setting, that the courthouse had been closed on that date because of snow, and that their counsel had checked with the probate court and was told that the hearing would be rescheduled and that they would be notified. The motion further averred that, after not receiving any notice that the January 11, 2011, hearing had been reset, counsel for the daughters had traveled to the court clerk’s office on March 24, 2011, and then had learned that the hearing had been rescheduled for January 20 and that a judgment had been entered. The probate court did not rule on the daughters’ motion, and, after a period of 132 days had elapsed, the daughters filed a notice of appeal of the judgment confirming the final settlement to the circuit court on August 25, 2011.[2]
The executor filed a motion to dismiss the daughters’ appeal on September 17, 2012. In his motion, the executor alleged that the appeal had been untimely filed because the daughters’ postjudgment motion had been filed more than 30 days after entry of the January 20, 2011, judgment and had therefore not tolled the time for the daughters to file an appeal from the judgment. After hearing oral argument on the motion, the circuit court granted the motion to dismiss. The daughters appealed the circuit court’s order dismissing their appeal to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
The executor’s motion to dismiss was a motion filed pursuant to Rule 12(b)(1), Ala. R. Civ. P., seeking a dismissal of the daughters’ appeal from the probate court’s judgment on the ground that the appeal had been untimely filed and that the circuit court therefore lacked subject-matter jurisdiction over the appeal. See Clanton v. DeAngelo, 984 So.2d 451, 453 (Ala.Civ.App.2007) (explaining that a circuit court serving as an appellate court lacks jurisdiction over the subject matter when a party’s notice of appeal is untimely filed); Singleton v. Graham, 716 So.2d 224, 225-26 (Ala.Civ.App.1998) (same); Davis v. Townson, 437 So.2d 1305, 1305-06 (Ala.Civ.App.1983) (same). The question whether the circuit court had acquired subject-matter jurisdiction over the daughters’ appeal is an issue of law; thus, we review de novo the dismissal of the appeal by the circuit court. Ex parte Terry, 957 *296 So.2d 455 (Ala.2006) (stating that a claim that a court lacks subject-matter jurisdiction presents a question of law, which an appellate court reviews de novo).
As contended by the executor, the daughters’ April 15, 2011, motion was filed too late to qualify as a Rule 59 motion.[3] See Rule 59(e) (providing that motions seeking to alter, amend, or vacate a judgment must be filed within 30 days of the entry of the judgment). Furthermore, the daughters’ motion was untimely under Ala. Code 1975, § 12-13-ll(a), which provides that, “[o]n motion filed within 30 days from entry of judgment [by a probate court], a new trial may be granted” for specified grounds. Insofar as the daughters’ motion was intended to be a Rule 59 motion, its untimely filing did not serve to toll the time for an appeal. See Burton v. Burton, 710 So.2d 1257, 1258 (Ala.Civ.App.1997); see also Rule 4(a)(3), Ala. R.App. P. (providing, among other things, that the filing of a postjudgment motion pursuant to Rule 59 “shall suspend the running of the time for filing a notice of appeal”). Pursuant to Ala.Code 1975, § 12-22-21(5), a notice of appeal from a judgment confirming a final settlement must be filed within 42 days of the date of the judgment. See also Rule 4(a), Ala. R.App. P. (requiring that an appeal, in most circumstances, be filed within 42 days of the entry of the judgment). In order to be timely, the daughters’ notice of appeal from the January 20, 2011, judgment had to be filed by March 3, 2011. The August 25, 2011, appeal was filed 217 days after the entry of the January 20, 2011, judgment. Thus, as the circuit court correctly concluded, the daughters’ notice of appeal was untimely filed.
The daughters contend on appeal that their motion, which asserted that they had been denied notice of the January 20, 2011, hearing on the final-settlement petition, could also be construed as a Rule 60(b), Ala. R. Civ. P., motion. Although in their brief on appeal the daughters rely on Rule 60(b)(1) and (2), our review of the allegations in their motion support the conclusion that the motion could be construed as a Rule 60(b)(4) motion seeking to declare the January 20, 2011, judgment void because the probate court acted in a manner inconsistent with due process. See Lett v. Weaver, 79 So.3d 625, 627-28 (Ala.Civ.App.2010) (construing an argument in a Rule 60(b) motion filed by the contestants in a will contest that “they did not receive proper notice of the [final-settlement] hearing [was], in essence, an argument that the probate court’s judgment [was] void for lack of due process”); see also Cassioppi v. Damico, 536 So.2d 938, 940 (Ala.1988) (quoting Smith v. Clark, 468 So.2d 138, 141 (Ala.1985)) (construing an argument about a lack of notice as a due-process argument and stating that “ ‘[a] judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process’ ”). A Rule 60(b)(4) motion, unlike a post-judgment motion filed pursuant to Rule 59, is not required to be filed within 30 days of the entry of the judgment to which it is directed and may be brought at any time; thus, the timing of the daughters’ motion is of no consequence if it is construed as a Rule 60(b)(4) motion. Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 641 (Ala.2003) (determining that a Rule 60(b)(4) motion was not subject to the reasonable-time requirement of Rule 60(b) and could be brought at any time); see also Hooie v. Barksdale, 93 So.3d 942, 944 *297 (Ala.Civ.App.2012) (“A motion brought under Rule 60(b)(4) is not subject to the reasonable-time requirement of Rule 60(b) and may be brought at any time.”).
However, construing the daughters’ motion as a Rule 60(b)(4) motion does not prevent the appeal to the circuit court from being untimely. A Rule 60(b) motion, unlike a Rule 59 motion, is not subject to being denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Conway v. Housing Auth. of Birmingham Dist., 676 So.2d 344, 345 (Ala.Civ.App.1996). Thus, because the- probate court never acted on the daughters’ motion, insofar as it seeks relief under Rule 60(b)(4), that motion remains pending in the probate court and could not currently be the basis for an appeal to the circuit court.[4] Conway, 676 So.2d at 345.
The circuit court properly determined that the daughters’ appeal was untimely filed. Accordingly, we affirm the judgment of the circuit court.
The appellee’s request for an attorney fee on appeal is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. We note that, had the daughters acted swiftly, they could have filed a motion seeking to extend the time for an appeal under Rule 77(d), Ala. R. Civ. P. See Patterson v. Patterson, 765 So.2d 8, 10 (Ala.Civ.App.1999) (indicating that Rule 77(d), which permits a party to seek an extension of up to 30 days to file a notice of appeal “upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment or order,” applies in the probate court).

. The daughters apparently relied on Rule 59.1, Ala. R. Civ. P., and presumed that their motion had been denied by operation of law on July 14. They filed their notice of appeal 42 days later.

. We note that "Rules 59, 59.1, and 60 of the Alabama Rules of Civil Procedure apply in probate court proceedings pursuant to § 12-13-12, Ala.Code 1975.” McGallagher v. Estate of DeGeer, 934 So.2d 391, 399 n. 2 (Ala.Civ.App.2005).

. We note that in Lett, 79 So.3d at 627, this court determined that, although the contestants in a will contest had filed an untimely postjudgment motion and therefore did not timely appeal the probate court’s final-settlement judgment, the fact that their motion was also a Rule 60(b)(4) motion provided a basis for the appeal to the circuit court because the denial of a Rule 60(b) motion is a separately appealable judgment. The pivotal difference between this case and Lett is the fact that the probate court in Lett clenied the contestants’ motion, while the probate court in the present case did not take any action on the daughters' motion.