SELLERS, Justice.
Homer L. Watson, as personal representative of the estate of Mary Fejeran, deceased, appeals from the summary judgment entered by the Jefferson Circuit Court in a wrongful-death action in favor of the University of Alabama Health Services Foundation, P.C., and Graham C. Towns, M.D. (hereinafter referred to collectively as "the defendants"). We affirm.
The facts are undisputed. On November 8, 2012, Fejeran died. Watson thereafter petitioned the Russell Probate Court for letters of administration, seeking to be appointed the personal representative of Fejeran's estate. On August 22, 2013, the probate court issued letters of administration to Watson.
In March 2014, Watson petitioned the probate court for a final settlement of Fejeran's estate, representing that he had discharged in full all legal claims against the estate, that he had made a final distribution of all the personal assets of the estate, and that he was requesting a final order discharging and releasing him and the surety on his bond from further liability as personal representative of the estate.
*1032 On March 24, 2014, the probate court entered a judgment of final settlement, indicating that Watson and his surety were "discharged from all further liabilities."
On November 7, 2014, Watson, after being discharged and released as the personal representative of Fejeran's estate, filed a wrongful-death action against the defendants under § 6-5-410, Ala. Code 1975. Watson claimed in that action that he was "the duly qualified Administrator" of Fejeran's estate. The two-year limitations period for bringing a wrongful-death action under the statute expired on November 8, 2014.
On March 7, 2017, the defendants filed a motion for a summary judgment pursuant to Rule 56, Ala. R. Civ. P., on the basis that Watson lacked the representative capacity to bring the wrongful-death action. In support of their summary-judgment motion, the defendants attached a copy of the March 24, 2014, final-settlement order indicating that Watson had been discharged as the personal representative of Fejeran's estate.
On March 23, 2017, Watson moved the probate court to clarify its March 24, 2014, order or, alternatively, to correct a clerical error in the order pursuant to Rule 60(a), Ala. R. Civ. P. Watson specifically alleged in his motion to clarify and/or to correct that his petition for final settlement sought relief only for liability arising from estate-administration activities and that the petition did not seek closure of the estate or termination of his letters of administration. On the same day, the probate court entered an order, dated March 23, 2017, purporting to clarify and/or to correct its March 24, 2014, order:
"1. In response to the Administrator's motion for clarification, the Court declares that the meaning and intent of its March 24, 2014, order was to grant a discharge from liabilities for estate administration activities, but to otherwise leave Mr. Watson's letters of administration in full force and effect. Thus, on November 7, 2014, when an action for Mary Fejeran's wrongful death was commenced in Jefferson County, Alabama, Homer L. Watson was, on that date, the Administrator of Mary Fejeran's estate with active, open letters of administration from this Court in full effect.
"2. To the extent that some other court might find the clarification stated in paragraph 1, above, insufficient in some way, this Court grants additional, further, or alternative relief under Rule 60(a) of the Alabama Rules of Civil Procedure.... Even though the order of March 24, 2014, said only that the Administrator was discharged from 'liabilities,' to the extent that some other court might read the ... order to be an ultimate closing of the Estate and a full termination of the letters of administration, this Court declares such language to be a clerical mistake. To make the order of March 24, 2014, speak the truth of what was intended, paragraphs 1 and 3 of the order are hereby amended to state (amending language underscored):
" '1. That said Petition for Final Settlement, seeking a discharge from liabilities for the administration of estate debts and property, be and is hereby confirmed; and
" '....
" '3. The Petitioner, the Administrator and his surety be discharged from all further estate-administration liabilities, but that the letters of administration remain in force....' "
On August 15, 2017, Watson filed a motion in opposition to the defendants' motion for a summary judgment, arguing that the March 24, 2014, order did not terminate his letters of administration. In support *1033 of his motion, Watson attached the March 23, 2017, order purporting to clarify and/or to correct the March 24, 2014, order and, more specifically, stating that Watson's letters of administration were still in effect on November 7, 2014, when he filed the wrongful-death action.
On September 5, 2017, after reviewing the evidence, the circuit court concluded that the March 24, 2014, order of final settlement was a final judgment, that the order was unambiguous, and that the order discharged and released Watson as personal representative of Fejeran's estate for all purposes. Accordingly, the circuit court entered a summary judgment in favor of the defendants, concluding that, because Watson had been discharged as personal representative of Fejeran's estate, he lacked the representative capacity to bring a wrongful-death action. This appeal followed.
"Because the facts are undisputed and we are presented with pure questions of law, our standard of review is de novo." George v. Sims, 888 So.2d 1224, 1226 (Ala. 2004). Alabama's wrongful-death statute, Ala. Code 1975, § 6-5-410, provides, in pertinent part, that "[a] personal representative may commence an action ... for the wrongful act, omission, or negligence of any person, persons, or corporation ... whereby the death of his testator or intestate was caused." In Alabama, wrongful death is purely statutory, and the wrongful-death statute grants only a legally appointed personal representative "the right to bring a wrongful-death action for the benefit of, and on behalf of, the decedent's heirs at law based on the death of the decedent by a wrongful act." Alvarado v. Estate of Kidd, 205 So.3d 1188, 1193 (Ala. 2016) (Bolin, J., concurring specially). Watson does not dispute that a legally appointed personal representative who has been discharged and released as the personal representative of a decedent's estate no longer has the capacity to bring a wrongful-death action. See Northstar Anesthesia of Alabama, LLC v. Noble, 215 So.3d 1044 (Ala. 2016) (plurality opinion)(holding that personal representative of decedent's estate who had been discharged and released as the personal representative lacked the representative capacity to commence a wrongful-death action); see also Ex parte Hubbard Props., Inc., 205 So.3d 1211 (Ala. 2016) (holding that a wrongful-death action brought by a person who was not a personal representative was a nullity). Rather, Watson argues that the probate court's March 23, 2017, order establishes that he was never discharged in his capacity as personal representative of Fejeran's estate and that he was serving in that capacity at the time he commenced the wrongful-death action. However, as the circuit court concluded, the March 24, 2014, order-"Decree of Final Settlement"-is clearly a final judgment. The order states that Watson and his surety are "discharged from all further liabilities." (Emphasis added.) Section 12-13-3, Ala. Code 1975, states that a judgment entered by the probate court "may be set aside or amended and the case reopened within 30 days after the rendition thereof by the judge of the court in which the said decree was rendered." Accordingly, the probate court's March 23, 2017, order purporting to clarify its March 24, 2014, final judgment is void, and the March 24, 2014, order is the operative final judgment of the probate court. See Lett v. Weaver, 79 So.3d 625 (Ala. Civ. App. 2010) (holding that, because more than 30 days had passed since the probate court entered its final-settlement order, the probate court had no jurisdiction to enter an amended final-settlement order and, thus, the initial final-settlement order was the operative judgment). Moreover, *1034 Rule 60(a), Ala. R. Civ. P., which applies to only the correction of clerical errors in judgments, did not authorize the probate court to substantively enlarge or modify the final-settlement order to say something other than what was originally pronounced.[1] In Deramus Hearing Aid Center, Inc. v. American Hearing Aid Associates, Inc., 950 So.2d 292, 293-94 (Ala. 2006), this Court explained:
" Rule 60(a), Ala. R. Civ. P., provides that a trial court may correct a clerical mistake in a judgment at any time on its own initiative. The Committee Comments on 1973 Adoption of Rule 60(a), Ala. R. Civ. P., citing West Virginia Oil & Gas Co. v. George E. Breece Lumber Co., 213 F.2d 702 (5th Cir. 1954), state that a ' Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.' Black's Law Dictionary 582 (8th ed. 2004), defines 'clerical error' as '[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination.' (Emphasis added.)"
Based on the foregoing, we conclude that Watson, having been legally discharged as personal representative of Fejeran's estate, lacked the representative capacity to bring the wrongful-death action, and the action is therefore a nullity. Accordingly, the summary judgment in favor of the defendants is affirmed.
AFFIRMED.
Stuart, C.J., and Bolin, Parker, Main, and Mendheim, JJ., concur.
Shaw, J., concurs in part and concurs in the result.
Wise and Bryan, JJ., dissent.
SHAW, Justice (concurring in part and concurring in the result).
I agree with the main opinion that the probate court had no authority to amend its initial final-settlement order; that the appellant, Homer L. Watson, was not the personal representative of the deceased, Mary Fejeran, at the time the complaint in the underlying wrongful-death action was filed; and that the filing of such complaint, therefore, was a nullity. See Northstar Anesthesia of Alabama, LLC v. Noble, 215 So.3d 1044 (Ala. 2016) (plurality opinion); see also Ex parte Hubbard Props., Inc., 205 So.3d 1211 (Ala. 2016) (holding that a wrongful-death action commenced by a person who was not the personal representative was a nullity), and Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465, 466 (Ala. 1979) (holding that because the person who commenced the wrongful-death action "did not qualify under § 6-5-410 as a personal representative this suit was a nullity"). However, as I have previously written, I do not believe that the filing of a wrongful-death action under Ala. Code 1975, § 6-5-410, by one who is not a "personal representative" presents an issue of lack of "capacity." See Northstar, 215 So.3d at 1052-54 (Shaw, J., concurring in the result).

The defendants assert that the March 23, 2017, order is not recorded, and the only copy of the order in the appellate record is attached to Watson's opposition to their summary-judgment motion.